COLLWELL *v*. BEDFORD STONE AND CONSTRUCTION COMPANY.

[No. 10,662.    Filed March 13, 1920.    Rehearing denied May 27, 1920.]

1. MASTER AND SERVANT.—*Workmen's Compensation.*—*Widow's Dependency.*—*Construction of Statute.*—Acts 1919 p. 158, amending §38 of the Workmen's Compensation Act, confers a right, not theretofore existing, upon widows not living with their husbands at the time of their death and not dependent upon them for support, but nevertheless entitled to support from their husbands by virtue of the laws of the state, and should not be construed retroactively so as to cover the death of an employe occurring before such amendment took effect. p. 348.

2. MASTER AND SERVANT.—*Workmen's Compensation.*— *Widow's Dependency.*—*Construction of Statute.*—The so-called conclusive presumption created by §38 of the Workmen's Compensation Act, is not a mere rule of evidence, pertaining only to the remedy, but is a rule or provision of substantive law.    p. 348.

From the Industrial Board of Indiana.

Proceedings for compensation by Ellen Collwell against the Bedford Stone and Construction Company. From an order that she take nothing, the applicant appeals.    *Affirmed.*

*H. Clarence Austill,* for appellant.

*Howe S. Landers,* for appellee.

BATMAN, J.—The record in this case discloses that appellant, on May 12, 1919, filed with the Industrial Board an application for the adjustment of her claim for compensation, alleging therein, among other things, that her husband, Green Collwell, died on April 12, 1919, as the proximate result of personal injuries received on said day by accident arising out of and in the course of his employment by appellee, leaving her as his sole dependent, and that she was wholly dependent upon him. After a hearing by a single member of the board and a review by the full board, the following finding was made: "And the full board having heard the argument of counsel, having reviewed the evidence and being duly advised in the premises finds that on the 12th day of April, 1919, one Green Collwell was in the employment of the defendant at an average weekly wage of $16.35; that on said date, while engaged in the discharge of the duties of his employment, the said Green Collwell received a personal injury by an accident arising out of and in the course of his employment, resulting in his instant death; that the defendant had actual knowledge of the injury to and the death of said Green Collwell at the time of the occurrence; that the plaintiff was the surviving widow of Green Collwell; that she and Green Collwell were married twenty-eight years prior to his death; that they separated three years prior to his death and during all of said time lived separate and apart and they were not living together at the time of his injury and death; that during said period of time the said Green Collwell did not support the plaintiff and did not contribute to her support except that a short time prior to his death he gave her the sum of three dollars; that she was not relying upon him for her support at the time of his injury and death and was not receiving contributions from him for that purpose."

On the foregoing finding the full board entered an

order that appellant take nothing by her application and that she pay the cost of the proceeding. From this order appéllant prosecutes this appeal on an assignment of error that the award of the full board is contrary to law.

The only question presented by appellant for our determination in this appeal relates to her right, as the widow of the decedent, to have compensation awarded her under the facts found. Appellant contends that such facts show that she was a dependent of said decedent and therefore entitled to compensation, while appellee asserts the contrary. The section of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), relating to dependents, in force at the time of the injury and death of decedent, contained the following provisions pertinent to the question under consideration: "Section 38. The following persons shall be conclusively presumed to be wholly dependent for support upon such deceased employe: (a) A wife upon a husband with whom she lives at the time of his death. * * * In all other cases, questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury."

It will be observed that by the provisions of this section a widow of a deceased employe had a right to compensation, *if she was living with such deceased employe at the time of his death, or, if not so living with him, that she was dependent upon him for support.* In construing this section this court has held in effect that the mere legal obligation of a husband to support his wife with whom he was not living at the time of his death did not establish the dependency of such wife. *In re Carroll* (1917), 65 Ind. App. 146, 116 N. E. 844. If we measure appellant's rights as widow of said decedent by the provisions of this section, which were in force on

April 12, 1919, the date of decedent's injury and death, it is clear, in the light of the decision cited, that appellant has no right to receive compensation.

But appellant contends that she has a right to avail herself of the provisions of §38, *supra,* as amended by the act of 1919, which reads in part as follows: "Section 38: The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employe. (a) A wife upon a husband with whom she is living at the time of his death, or upon whom the laws of the state impose the obligation of her support at such time. * * * In all other cases, the question of total dependency shall be determined in accordance with the fact, as the fact may be at the time of the death, and the question of partial dependency shall be determined in like manner as of the date of injury." Acts 1919 pp. 158, 165. In force May 15, 1919.

In determining this contention it should be borne in mind that the Workmen's Compensation Act, *supra,* when accepted by an employer and an employe, becomes a part of the contract of employment between them. *Carl Hagenbeck, etc., Shows Co.* v. *Leppert* (1917), 66 Ind. App. 261, 117 N. E. 531. Since there is no finding that either appellee or the decedent gave the notice made requisite by §3 of said act, in order to be exempt from its provisions, it will be presumed, as provided in §2 thereof, that both accepted such provisions. As the decedent was injured and died on April 12, 1919, it is evident that his contract of employment with appellee was entered into while said §38, as originally enacted in 1915, was in force. In view of this fact appellee contends that said original section became a part of the decedent's contract of employment, and that appellant's right to compensation must be determined thereby. We are of the opinion that this contention must be sustained. The effect of said original section was to confer

a right of compensation on only two classes of widows of deceased employes, viz.: (1) Those living with their husbands at the time of their death. (2) Those not living with their husbands at the time of their death, but dependent upon them for support. Since a widow's right to compensation under the Workmen's Compensation Act is wholly statutory, it follows that widows not falling within one of such classes were without any such right under the provisions of said original section.

The legislature of 1919, with a knowledge of such fact, evidently believed that there were certain widows of deceased employes not falling within either of the above classes who were justly entitled to compensation, and therefore so amended said §38 as to give a right of compensation to another class for which no provision had theretofore been made, viz.: those not living with their husbands at the time of their death, and not dependent upon them for support, but nevertheless were entitled to support from their husbands at the time of their death, by virtue of the laws of the state. This we hold was the conferring of a right not theretofore existing, and should not be construed as retroactive, as we would be compelled to do in order to sustain appellant's contention.

Appellant, however, in seeking to avail herself of the amended section of the Workmen's Compensation Act under consideration, asserts that the provision thereof, which we have held confers a right, is merely a rule of evidence, and therefore pertains to the remedy only; and that, being merely a rule of evidence, she is entitled to have the same applied to the facts of the instant case, and her rights determined accordingly. If we were able to agree that the provisions of the amended section under consideration was a rule of evidence, we could readily concur in appellant's contention that such rule was available to her in determin-

ing her right to compensation, notwithstanding the fact that the injury and death of her husband occurred prior to the time such amendment became effective. But we cannot so agree.

We find it stated in a respectable work on evidence that "conclusive presumptions are not really presumptions at all, whatever they may have been before becoming conclusive. They are merely rules of law declaring a particular fact to be true under particular circumstances and forbidding any inquiry into its truth or falsity." 9 Ency. Evidence 884.

Again, in another work on evidence of like character, it is said: "In strictness, there cannot be such a thing as a 'conclusive presumption.' Wherever from one fact another is conclusively presumed, in the sense that the opponent is absolutely precluded from showing by any evidence that the second fact does not exist, the rule really provides that, where the first fact is shown to exist, the second fact's existence is wholly immaterial for the purpose of the proponent's case; and to provide this is to make a rule of substantive law." 4 Wigmore, Evidence §2492.

In the case of *Matter of Buchanan* (1918), 184 App. Div. 237, 171 N. Y. Supp. 708, the court, after discussing the effect of a conclusive presumption, said: "The so-called conclusive presumption is, therefore, in effect not a rule of evidence, but a provision of substantive law."

In the case of *State, ex rel.* v. *District Court, etc.* (1918), 139 Minn. 409, 166 N. W. 772, the court, in discussing the effect of the provision in the workmen's compensation act of that state, which provides that the surviving wife, " 'shall be conclusively presumed to be wholly dependent * * * unless it be shown that she was voluntarily living apart from her husband at the time of his injury or death,' " said: "The

legislature, in declaring that a particular fact shall be conclusively presumed, does not establish a presumption in the ordinary sense of the term, but rather a rule of law to the effect that in the case specified the nonexistence of the fact presumed is immaterial."

In the light of reason, as well as the authorities cited, we conclude that appellant's contention that the provision of said amended §38 under consideration is a rule of evidence, available to her under the facts found, cannot be sustained.

We find no error in the record, and the order of the Industrial Board is therefore affirmed.