## JELICIC *v.* VERMILLION COAL COMPANY.

[No. 11,900. Filed May 22, 1924. Rehearing denied October 9, 1924.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal.—Assignment of Errors.—Statute.*—Under the provisions of §61 of the Workmen's Compensation Act, as amended Acts 1917 p. 154, §8020s2 Burns' Supp. 1921, an assignment of error that the award of the full board "is contrary to law" presents the sufficiency of the evidence to sustain the finding of facts and the sufficiency of the facts found to sustain the award. p. 678.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Persons Entitled to Compensation.—Widows.—Three Classes.—Statute.*—Since 1919, three classes of widows of deceased employees are entitled to receive compensation as dependents, where facts are found showing liability, viz.: (1) Those living with their husbands at the time of their deaths; (2) those not living with their husbands at the time of their deaths, but dependent upon them for support; (3) those not living with their husbands at the time of their deaths, and not dependent upon them for support, but who, nevertheless were entitled to support from their husbands at the time of their deaths by virtue of the laws of the state, as provided in Acts 1919 p. 165, §8020v1 Burns' Supp. 1921. p. 678.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Widow's Dependency.—Presumption of Dependency.—Statute.*—A widow of a deceased employee who was living with her husband at the time of his death or who was entitled to support from her husband by virtue of the laws of the state at

that time, is, by the express terms of the statute, conclusively presumed to be wholly dependent upon her deceased husband for support, but if she was not within either of said classes, there is no presumption, but the question of her dependency must be determined in accordance with the fact as the fact may be at the time of the husband's death, as provided in §8020v1 Burns' Supp. 1921, Acts 1919 p. 165.   p. 678.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.— Widow Entitled to Support of Deceased Husband.—Burden of Proof.—Failure to Find.*—A widow claiming compensation because the law imposed the duty on her deceased husband of supporting her has the burden of proving the facts which would warrant a conclusion of law to that effect, and if such facts were not found by the Industrial Board, it will be presumed, on appeal, that they were not proved.   p. 679.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.— Widow's Right to Support of Husband.*—In a proceeding under the Workmen's Compensation Act by the widow of a deceased employee for compensation, evidence that she had been living apart from him in a foreign country for more than seven years, and had not heard from him for four months prior to his death, although he had sent her the sum of $1,650 during the first three years he was in this country, *held* insufficient to warrant the conclusion that the husband was legally liable to her for support.   p. 679.

6. HUSBAND AND WIFE.—*Support of Wife.—Abandonment of Husband.—Living Apart from Husband Without Justification.* —A husband is not liable for the support of his wife who has abandoned him or voluntarily and without justification lives apart from him.   p. 679.

7. STATUTORY RIGHT.—*Enforcement of.*—A party claiming a right conferred by statute must bring himself fully and clearly within its provisions before he can enforce it.   p. 679.

8. APPEAL.—*Review.—Finding of Facts.—Based on Inferences. —Must be Accepted as True.*—Ultimate facts found, though based on inferences, if reasonable, must be accepted as true on appeal, although contrary inferences, equally as reasonable, would have been drawn by the appellate tribunal if the questions had been submitted to it.   p. 681.

9. MASTER AND SERVANT.—*Workmen's Compensation Act.— Widow's Right to Support.—Evidence.*—Failure of a widow residing in Italy and claiming compensation for the death of her husband to give any explanation of their long-continued separation and the absence of communication between them for nearly three months preceding his death, or to show that she had made any effort to join him in this country, or that she

had complained of his long absence, or of his failure to send her any portion of his earnings for more than four years prior to his death, or to give any evidence of misconduct of her husband or of her own freedom from misconduct which would have relieved her husband from the obligation of supporting her, *held* to be a circumstance properly considered by the Industrial Board in determining the question of his legal liability to support her. p. 681.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Joka Jelicic, by Dr. Bojidar Pouritch, Consul of the kingdom of the Serbs, Croats and Slovenes, attorney in fact, against the Vermillion Coal Company. From the ruling of the Industrial Board denying her an award, claimant appeals. *Affirmed.*

*Defrees, Buckingham & Eaton, Peter B. Nelson* and *Dumas V. McFall,* for appellant.

*Will H. Hays, Hinkle C. Hays, A. C. Owens, W. Paul Stratton, John S. Taylor, W. H. Bridwell* and *G. W. Buff,* for appellee.

BATMAN, J.—Appellant seeks to reverse an award in which she was denied compensation against appellee, based on the following finding of facts:

"And the full Board, having heard the argument of counsel, having reviewed the evidence and being duly advised in the premises, finds that on July 20, 1921, one Vide Jelicic was in the employment of the defendant at an average weekly wage of $24.00; that on said date the said Vide Jelicic received a personal injury by an accident arising out of and in the course of his employment, of which the defendant had knowledge; that said injury resulted in the death of the said Vide Jelicic on August 1, 1921, of which the defendant had knowledge; that at the time of the injury and death of said Vide Jelicic, the said Vide Jelicic left surviving him Joka Jelicic, his widow, and Djuka Jelicic, his minor

daughter, who were at said time living in the Kingdom of the Serbs, Croats and Slovenes; that the said Djuka Jelicic died on April 18, 1922; that the said Vide Jelicic and his wife and daughter had been living apart since January 23, 1914; that up to 1917 the said Vide Jelicic had sent to his wife, Joka Jelicic, the sum of $1,650.00; that the said Joka Jelicic last heard of her husband, Vide Jelicic, on April 13, 1921; that, at the time of the injury and death of said Vide Jelicic, the said Joka Jelicic was not dependent upon him for her support; that the injury and death of the said Vide Jelicic was not due to his wilful misconduct or wilful disobedience of any orders of the defendant; that the defendant has paid $100.00 of the burial expenses of the said Vide Jelicic."

Appellant's assignment of error contains eleven specifications, but all are covered by the first, as it presents the sufficiency of the facts found to sustain the award, and the sufficiency of the evidence to sustain the finding of facts. Acts 1917 p. 154, §8020s2 Burns' Supp. 1921. We shall first consider the sufficiency of the facts found to sustain the award denying compensation to appellant, as the widow of the deceased employee, Vide Jelicic. Under the law as it has existed since 1919, three classes of widows of deceased employees are entitled to receive compensation, as dependents, where facts are found showing liability, viz.: (1) Those living with their husbands at the time of their deaths; (2) Those not living with their husbands at the time of their deaths, but dependent upon them for support; (3) Those not living with their husbands at the time of their deaths, and not dependent upon them for support, but who nevertheless were entitled to support from their husbands at the time of their deaths by virtue of the laws of the state. Acts 1919 p. 165, §8020v1 Burns' Supp. 1921; *Collwell* v.

*Bedford Stone, etc., Co.* (1920), 73 Ind. App. 344. If a widow falls within either said first or third class, she is conclusively presumed to be wholly dependent upon her deceased husband for support, but if she falls within said second class, there is no such presumption, and hence the question of dependency must be determined in accordance with the fact, as the fact may be at the time of such death, as provided in said last named act. In the instant case, it is clearly disclosed by the finding of facts that appellant does not fall within either said first or second class, as it is found that appellant was living apart from her husband at the time of his death, and that she was not dependent on him for her support. Therefore, we are only required to determine whether she falls within said third class, which is based on the italicised portion of the following provision of §38 of the Workmen's Compensation Act, as amended in 1919:

"The following persons shall be conclusively presumed to be wholly dependent for support on a deceased employee:

(a) A wife upon her husband with whom she is living at the time of his death, *or upon whom the laws of the state impose the obligation of her support at such time.* * * *" (Our italics) Acts 1919 p. 165, §8020v1 Burns' Supp. 1921.

Whether a wife is living with her husband at the time of his death involves a conclusion of fact, but whether the laws of the state impose an obligation upon him to support her at such time involves a conclusion of law, as its determination requires an application of abstract principles of law to the facts as they are found to exist. *Lagler* v. *Roch* (1914), 57 Ind. App. 79; *Cable Co.* v. *McElhoe* (1915), 58 Ind. App. 637. The burden of proving the facts which would warrant such a conclusion of law was upon

appellant, and if not found, we must assume they were not proved. *Raynes* v. *Staats-Raynes Co.* (1918), 68 Ind. App. 37; *Calumet, etc., Machine Co.* v. *Mroz* (1922), 79 Ind. App. 305; *Chicago, etc., R. Co.* v. *Kaufman* (1921), 78 Ind. App. 474; *S. J. Peabody Lumber Co.* v. *Miller* (1922), 77 Ind. App. 251. The only facts found bearing upon the question under consideration, are the following: Appellant is the widow of the deceased employee, Vide Jelicic. She had been living apart from him since January 23, 1914. He had sent her the sum of $1,650 prior to 1917, but she was not dependent upon him for her support at the time of his death. She last heard of him on April 13, 1921, a little more than three months prior to his death. Do these facts warrant the conclusion of law, essential to appellant's right of recovery, viz.: that the laws of this state imposed an obligation on said deceased employee to support appellant at the time of his death? We are clearly of the opinion that they do not, for the following reasons: While it is true, as a general rule, that the laws of this state impose upon husbands the duty of supporting their wives, such duty does not exist under all circumstances. To illustrate: It does not exist where a wife abandons her husband, or voluntarily and without justification lives apart from him. *Summers* v. *Summers* (1912), 179 Ind. 8; *Brown* v. *Templeton Coal Co.* (1923), 79 Ind. App. 244. In the instant case, no fact is found which explains the conduct of appellant in living apart from her husband for more than seven years prior to his death. In face of the burden resting on her to establish her right to receive compensation, we may not *assume* that her conduct in that regard was attributable to the fault of her husband, and thereby conclude that he was under a legal obligation to support appellant by virtue of the laws of this state, notwithstanding her absence in a foreign land for

more than seven years.   This is in accord with the well-established rule that a party claiming a right conferred by statute must bring himself fully and clearly within its provisions before he can enforce it.   *Stafford* v. *St. John* (1904), 164 Ind. 277; *Board, etc.,* v. *Jarnecke* (1905), 164 Ind. 658; *Woodward* v. *State* (1910), 174 Ind. 743.

The only other question before us relates to the sufficiency of the evidence to sustain the finding.   Appellant in the propositions or points of her brief has not set out any ultimate fact which she claims is stated in the finding, but not established by the evidence, nor has she set out any such fact which she claims is established by the evidence, but not stated in the finding.   An investigation, however, discloses some evidence to sustain every ultimate fact expressly found, by being stated in the finding, or impliedly found, by being omitted therefrom.   This is true, notwithstanding the variance between the evidence and finding as to when appellant last heard of or from her husband, as this, at most, is a mere evidential fact.   True, some of such ultimate facts appear to be based upon inferences, but, as they are reasonable, we must accept such facts as true on appeal, although contrary inferences may be equally as reasonable, and such as we would have been more inclined to draw, had the questions been submitted to us as original ones.   *City of Linton* v. *Jones* (1921), 75 Ind. App. 320; *Utilities Coal Co.* v. *Herr* (1921), 76 Ind. App. 312.   In reaching this conclusion, we note that the only evidence of facts on which the Industrial Board could have based a conclusion as to whether or not the laws of this state imposed an obligation upon appellant's husband to support her at the time of his death was given by appellant herself. It is significant that she did not give any evidence of misconduct on the part of her husband which excused

her from living with him at the time of his death, or any evidence that, at such time, she was free from conduct which would have relieved her husband from the obligation imposed upon him by the laws of this state to give her support. It is also significant that, although the deceased employee had been in this country for more than seven years, had written to her only occasionally, and had ceased to send her money for more than four years prior to his death, that she gave no evidence of having written to him, or made any effort to join him in this country, or of having made any complaint of his long absence, or of his failure to send her any portion of his earnings during the time stated. These were facts peculiarly within her knowledge, and pertinent to an issue on which she had the burden. Her failure to give any evidence in explanation thereof was a circumstance the board had a right to consider, and may have been controlling in the determination of material questions of fact against her, which otherwise would have been in even balance. *Barnett* v. *Gluting* (1892), 3 Ind. App. 415; *Bump* v. *McGrannahan* (1916), 61 Ind. App. 136; *Goodwine* v. *De Motte* (1917), 64 Ind. App. 394; *Indianapolis, etc., Traction Co.* v. *Montford* (1923), 80 Ind. App. 639. For the reasons stated, the award is affirmed.