GONSIOREK ET AL. *v.* INLAND STEEL COMPANY.

[No. 13,855. Filed December 12, 1929. Rehearing denied February 28, 1930.]

*Dominic P. Sevald, Mariann K. Sevald* and *Michael G. Kasper*, for appellants.

*William J. McAleer, Francis J. Dorsey, James J. Clark* and *William L. Travis*, for appellee.

NICHOLS, J.—Proceedings by appellants against appellee before the Industrial Board of Indiana, to recover compensation for the death of Jan Gonsiorek, alleged husband of appellant Franciszka Gonsiorek, and father of appellants Julianna and Joseph, who was killed while in the course of employment with appellee.

The Industrial Board found that about 1905, the deceased was married in Poland and about four years thereafter came to the United States and moved to Chicago, Illinois, and afterwards entered the employ of appellee; that the evidence fails to show that the deceased was the same and identical person whom appellant Franciszka Gonsiorek claims to have been her husband and the father of appellants Julianna and Joseph Gonsiorek; and that appellants were dependent upon the deceased for support, at the time of his death, and the finding should be for appellee.

On this finding, the Industrial Board awarded that appellants take nothing by their application and that appellants pay the costs of this proceeding. From this award, this appeal.

It is stipulated that, on June 13, 1926, one Jan Gonsiorek was in the employ of appellee at a stipulated weekly wage, and that, on that date, he suffered an injury which resulted in his death. The only question for our consideration, as stated above, is as to the suffi-

ciency of the evidence to sustain the finding of the Industrial Board that the deceased was not identified as the same person whom appellant Franciszka claimed to have been her husband and the father of appellants Julianna and Joseph, and as to whether they were dependent upon him for support at the time of his death.

It appeared by the evidence that Jan was a native of Poland, where he was married in 1905; that he left that country about the year 1909, and, as appellant Franciszka testified by deposition, leaving her as his wife and the two children Julianna and Joseph. He never returned to that country, and appellants continued to reside in Poland and never thereafter saw the deceased. While appellant Franciszka, by her deposition, testified that there were two children, the witness upon whom the Industrial Board was compelled to depend for identification testified that there were four children, naming three of them and stating that he did not remember the name of the fourth. There were other marked discrepancies in the testimony.

It is apparent that the Industrial Board chose not to believe the unsupported testimony of witnesses with such a glaring contradiction in their testimony as ██ here appears. Under circumstances such as here, where a husband has left his wife in a foreign country and they have not lived together for so long a period of time as here appears, before compensation is awarded, the proof that such an award is justified should be clear and convincing. We fully agree with the Industrial Board that an award based upon such unsupported and contradictory evidence was not justified. There was no evidence to support the dependency of appellants except the bare statement of these two witnesses. If remittances were sent by the deceased to appellants, it must have been by checks, drafts or money-

orders in some form. Better evidence of such remittances should have been produced. The Industrial Board was justified in denying compensation.

Affirmed.