GENERAL AMERICAN TANK CAR CORPORATION *v.* SUDOMIR.

[No. 14,618.   Filed October 18, 1932.]

114

*Gavit, Hall, Smith & Gavit* and *David & Fainman,* (*Albert H. Gavit, Sigmund W. David* and *William J. Lederer,* of counsel), for appellant.

*D. P. Sevald* and *Mariann K. Sevald,* for appellees.

BRIDWELL, J.—This appeal is from an award made by the full Industrial Board of Indiana in favor of appellees as alleged dependents of one Michael Sudomir, now deceased.

On April 8, 1924, the said decedent was an employee of appellant, and on that day he received an injury by reason of an accident arising out of and in the course of his employment resulting in his death on April 28, 1924.

The error assigned and relied upon for reversal is that the award is contrary to law.

Appellant admits the employment and the death of the employee as the result of an accident arising out of and in the course of his employment, but denies liability on the grounds that dependency of appellees has not been established.

The award appealed from was made and entered on the 19th day of February, 1932, and it is based upon a finding of facts sufficient to sustain the award. The question for determination is as to the sufficiency of the evidence to sustain the finding of facts. Appellant challenges that part of the finding, which is as follows: "Said Board further finds that at the time of his death Michael Sudomir left wholly dependent upon him for support his wife, Eva Sudomir, age fifty, and his son Pitor Sudomir, age thirteen, living in Sieniowa, Poland."

At the time of the death of Michael Sudomir our Workmen's Compensation Law provided that certain classes of persons under stated conditions shall be conclusively presumed to be wholly dependent for support upon a deceased employee, including the following persons: (a) "A wife upon her husband with whom she is living at the time of his death, or upon whom the laws of the state impose the obligation of her support at such time. . . . (c) A child under the age of eighteen years upon the parent with whom he or she is living at the time of the death of such parent. . . . (d) A child under eighteen years upon a parent with whom he or she may not be living at the time of the death of such parent, but upon whom, at such time, the laws

of the state impose the obligation to support such child."
This same section of the law further provides that in
all cases where dependency is not conclusively presumed
"the question of total dependency shall be determined
in accordance with the fact as the fact may be at the
time of the death." Acts of 1919, ch. 57, Sec. 38, p.
165; Sec. 9483 Burns 1926.

There is evidence to prove that the deceased married
appellee, Eva Sudomir, in 1897 while they were resi-
dents of Poland; that the deceased came to this country
sometime prior to 1903; that in the year 1903 his wife
came to him at Butler, Pennsylvania, where they lived
together for approximately four years, and during
which time four children were born; that decedent then
returned to Poland, taking his wife and children with
him; that in the fall of 1910 decedent again came to
the United States, leaving his wife and children in Po-
land; that from 1910 until his death the decedent con-
tinuously resided in this country and never, at any
time, returned to Poland; that Eva Sudomir never came
to this country after 1910.

We have read the transcript of the evidence in the
record and find no documentary evidence bearing on
the question of the dependency of either appellee. Only
two witnesses testified. One a half-brother of the de-
ceased, who came to this country in 1913, the other a
brother of appellee, Eva Sudomir, who came here in
1903, and both of whom have lived here continuously
since their arrival, neither having at any time returned
to Poland.

The testimony of these witnesses is that the decedent,
after his return here in 1910, sent money to his wife
in amounts varying from $15 to $100, and that he would
send money about ten times a year on the average; that
the last money decedent sent was about eight months
prior to his death, when $15 was forwarded. One of

the witnesses said that at one time (without saying when) $200 was sent to buy a "ship ticket," but that this money was used for the burial of one of the children who had died. This witness also testified that the deceased sent money to buy property and to build a new house. There is no evidence that appellee, Eva Sudomir, ever received from the decedent any money at any time which was used for the support of herself or the child Pitor, nor that either of them was actually dependent upon the deceased employee for support at the time of his death. As to the appellee, Pitor Sudomir, the evidence fails to show that the decedent even knew of his existence. Neither witness testified that he had ever heard Michael Sudomir mention this child and the only witness who attempted to fix the date of his birth testified on both direct and cross-examination that Pitor was born after he, the witness, came to this country in 1913, making this statement five times in answer to questions concerning the matter, but finally testifying that he was born before the witness left for this country, and was christened in 1911 about a week after he was born. There was no other evidence in regard to the matter.

That Michael Sudomir never saw his wife after he left Poland in 1910 is undisputed; that they were living apart at the time of his death and had been so doing for approximately 14 years is not denied. There is nothing in the evidence to explain this state of affairs. There is no proof that they were living apart by mutual consent and with the intent to be reunited at some future time; nothing to show why she had not joined him here after 1910 as she had in 1903 after he first came to this country and made it his residence for a number of years; no proof that she was his wife at the time of his death. So far as the record discloses she may have been living apart from her hus-

band voluntarily, without justification, and without fault of the husband, even if the bonds of matrimony had not been dissolved. We are of the opinion that the evidence fails to show that Eva Sudomir was living with her husband at the time of his death within the meaning of the language of the statute. While it is not necessary that a wife be actually physically living with her husband at the time of his death in order to be conclusively presumed to be wholly dependent, yet where it appears, as here, that there has existed a long period of separation, unexplained by any evidence, we may not assume that her conduct in so living apart from her husband was attributable to his fault.

While it is true, as a general rule, that the laws of this state impose upon husbands the duty of supporting their wives, and upon parents the duty of supporting their children during minority, such duty does not exist under all circumstances. The burden of establishing a right to receive compensation rests upon the one who asserts the right, and, under a state of facts such as the evidence in this case discloses, the proof is not sufficiently clear and convincing to justify a finding of total dependency.

We hold that the facts proven in the instant case, including all reasonable inferences that might be drawn therefrom, fall short of proving actual dependency as a fact or an existing status between the deceased employee and the appellees which will justify a finding that appellees were wholly dependent upon the theory that the laws of this state, at the time of the death of the decedent, imposed upon him the obligation to support appellees.

Cases involving this question and supporting the conclusion reached are: *Brown* v. *Templeton Coal Co.* (1923), 79 Ind. App. 244, 137 N. E. 724; *Jelicic* v. *Ver-*

*million Coal Co.* (1924), 81 Ind. App. 675,.144 N. E.
38; *Inland Steel Co.* v. *Nan* (1925), 83 Ind. App. 673,
149 N. E. 576; *Gonsiorek* v. *Inland Steel Co.* (1930),
91 Ind. App. 144, 169 N. E. 55. Appellee cites and
relies upon the case of *Colgate & Company* v. *Smith*
(1926), 84 Ind. App. 473, 151 N. E. 434, but this case
is not in conflict with any of the foregoing cited cases
and the rule therein stated is not applicable to the facts
in the instant case. The opinion in this case expressly
states that the evidence shows that the separation be-
tween the husband and wife was only temporary; that
during the time of separation they were on good terms;
that he visited her frequently; that he gave her money,
and the reason for them living apart is explained by
the evidence.

This record discloses that the appellees filed their ap-
plication on October 7, 1925, and that it was submitted
for hearing to a board member on September 15, 1926;
that at this hearing the evidence of two witnesses, the
only witnesses who ever testified in the cause, was
heard; that by agreement of the parties the hearing was
continued for the taking of the deposition of appellee,
Eva Sudomir, and to be re-set only on application of
appellees; that the hearing was re-set for April 15, 1931,
and before the hearing appellant filed its written motion
to suppress the deposition of Eva Sudómir, which was
overruled by the board member at the time of the hear-
ing, with an exception by appellant, and the cause taken
under advisement; that thereafter, on July 13, 1931,
the hearing member of the board made an entry in the
cause finding "that he erred in the procedure of said
cause" and continued the same to be re-set for original
hearing before a single member of the board at the next
hearing of cases in Gary, Lake County, Indiana; that
on September 23, 1931, at a hearing on said date, the
ruling on appellant's motion to suppress the deposition

of Eva Sudomir was withdrawn and the motion to suppress sustained. No further evidence was heard, and no additional request for continuance in order to re-take deposition was made, and the cause was taken under advisement; that on December 3, 1931, an award in favor of appellees was made and entered, following which there was an application for review and a hearing before the full board on January 28, 1932, resulting in the award appealed from. Upon the review by the full board the appellant's motion to suppress the deposition of Eva Sudomir was sustained and appellees do not question the correctness of this ruling, and we will therefore assume it was properly made.

In view of the fact that this cause may be again heard we deem it advisable to call attention to the fact that in the award made the appellant is ordered to "pay $100 toward the funeral expenses of the decedent, Michael Sudomir," although the application filed by appellees shows that this amount has already been paid by the employer and it is not otherwise contended.

Award reversed with instructions to vacate and set aside the award appealed from; to grant to appellees at their option the privilege of retaking the deposition of Eva Sudomir, and of a new hearing on their application, and for further proper proceedings not inconsistent with this opinion.