BRITTAIN *v.* RED CAB COMPANY.

[No. 15,169.   Filed May 24, 1934.   Judgment modified October 1, 1934.]

*Thomas A. Dailey, Wilson S. Dailey,* and *John H. Dailey,* for appellant.

*James W. Noel, Hubert Hickam, Alan W. Boyd, Robert D. Armstrong, R. Niven Stall, Ryan & Ruckelshaus,* and *Thomas A. Cooper,* for appellees.

DUDINE, J.—Appellee Lucinda Brittain filed an application for compensation, as a dependent of Ira James Brittain, her son. On motion of appellee Red Cab Company, defendant to said application, appellant, daughter of said Ira James Brittain, and appellee Genevieve Brittain, his widow, were made parties to the proceeding. Appellant, the daughter appeared but appellee Genevieve Brittain, the widow, did not appear. She was not served with notice. The cause was submitted first to a single member of the Industrial Board then to the full Industrial Board.

The finding of the full Industrial Board was in part as follows:

"On December 31, 1932, one Ira James Brittain, age thirty years, while in the employ of the defendant (appellee Red Cab Company) at an average weekly wage of $16.98, suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant (appellee Reb Cab Company) had knowledge; that said accidental injury resulted in the death of the said Ira James Brittain on January 2, 1933. . . .

"It is further found that on December 22, 1922, the

said Ira James Brittain and Genevieve Hernandez were married; that on October 13, 1923, Genevieve Elizabeth Brittain, daughter of Ira James Brittain and Genevieve Brittain was born.

"It is further found that at the time of his death the said Ira James Brittain was living separate and apart from Genevieve Brittain and Genevieve Elizabeth Brittain, but that he had not been legally separated from said Genevieve Brittain.

"It is further found that the plaintiff herein Lucinda Brittain was partially dependent on the said Ira James Brittain for support.

"It is further found . . . that Genevieve Brittain, widow, and Genevieve Elizabeth Brittain, daughter of Ira James Brittain, were totally dependent upon the said Ira James Brittain for support and maintenance."

The full board entered an award of compensation in favor of said widow and daughter "in equal shares at the rate of $9.34 a week, beginning with January 2, 1933, during the period of their dependency but not exceeding three hundred weeks," and ordered that appellee Lucinda Brittain take nothing by her application.

Appellant perfected an appeal from said award, the errors assigned and presented being: (1) The award is contrary to law; (2) the award is not sustained by sufficient evidence.

There has been no appearance entered in this court by any of the appellees, and no briefs in answer to appellant's brief have been filed.

Appellant contends that the evidence does not sustain the board's finding that appellee Genevieve Brittain was totally dependent upon decedent for her support at the time of decedent's death. Appellant further contends that under the evidence presented, the full award of compensation should have been made in her favor.

"It is fundamental that marriage imposes upon the

husband the general duty of supporting his wife. This being true, the husband, within certain limitations has the right to choose the family domicile. . . . It is a well settled rule that a wife who voluntarily, and without justification lives apart from her husband cannot compel him to support her." *Hughes* v. *Yates* (1922), 79 Ind. App. 244, 137 N. E. 724.

As was said by this court in *Jelicic* v. *Vermillion Coal Co.* (1924), 81 Ind. App. 675, 678, 144 N. E. 38: "Under the law as it has existed since 1919, three classes of widows of deceased employees are entitled to receive compensation, as dependents, where facts are found showing liability, viz.: (1) Those living with their husbands at the time of their deaths; (2) Those not living with their husbands at the time of their deaths, but dependent upon them for support; (3) Those not living with their husbands at the time of their deaths, and not dependent upon them for support, but who nevertheless were entitled to support from their husbands at the time of their deaths by virtue of the laws of the state. Acts 1919, p. 165, Sec. 8020v1, Burns Supp. 1921; *Collwell* v. *Bedford Stone, etc., Co.* (1920), 73 Ind. App. 344." (See Sec. 9483, Burns Supp. 1929, §40-1403, Burns 1933, §16414, Baldwin's 1934, which is identical with Sec. 8020v1, Burns Supp. 1921, *supra*.)

As this court said further in said case: "If a widow falls within either said first or third class, she is conclusively presumed to be wholly dependent upon her deceased husband for support, but if she falls within said second class, there is no such presumption, and hence the question of dependency must be determined in accordance with the fact, as the fact may be at the time of such death, as provided in said last named act."

The evidence clearly shows that decedent and his widow were married on December 22, 1922, that appel-

lant was born October 13, 1923, that they lived together until about February, 1925, when they separated; that by consent of her parents, appellant, the daughter, was left with her maternal grandmother; that the couple did not live together again after the separation, that decedent was injured in an accident arising out of and as a result of his employment by appellee, which injury resulted in his death on January 2, 1933, that appellant continued to live with her maternal grandmother until her father's death, that she had no property from which she could obtain her support.

There was no evidence which showed or tended to show that the widow was living separate and apart from her husband without fault on her part, or justifiably. Before the widow is entitled to compensation under such circumstances she must establish the fact that the separation was not due to her fault. *General American Tank Car Corp.* v. *Sudomir* (1932), 95 Ind. App. 113, 182 N. E. 587. On account of the lack of such evidence, the award in favor of the widow should be reversed.

The evidence clearly shows that appellant, the daughter, was wholly dependent upon decedent for her support. Sec. 9483, cl. d, Burns Supp. 1929, §16414(d), Baldwin's 1934.

The evidence failed to show that anyone else was wholly dependent upon decedent for support, therefore the award for all the compensation should have been made in favor of appellant. Secs. 9483-9485, Burns Supp. 1929, §§16414-16416, Baldwin's 1934.

We deem it expedient to note that by this decision we do not mean to suggest that said proceeding foreclosed the widow's right to file an application for compensation, within the time fixed by law for filing such applications. It is our opinion that said proceeding did not affect her rights under the Workmen's

Compensation Act, because service was not had upon her and she did not appear in the proceeding.

It is ordered that the award of the Industrial Board be reversed, and that said board enter an award of compensation in favor of appellant at the rate of $9.34 per week beginning with January 2, 1933, during the period of her total dependency, but not exceeding three hundred weeks, and that said board make such further provisions with reference to said award and the attorney fee of her attorney as said board may deem proper, and that said board order appellee Red Cab Company to pay the necessary and reasonable medical, hospital, surgical, and nurse's services for decedent for the first thirty days following the accident.