NASH *v.* NASH ET AL.

[No. 16,457. Filed October 17, 1939.]

*R. M. Vincent,* and *Daniel W. McIntosh,* for appellant.

*Stanley E. Stohr,* and *Cooper Royse, Gambill & Crawford,* for appellees.

CURTIS, J.—This is an appeal from a final award of the full Industrial Board of Indiana. We quote from that award as follows:

"And the full Industrial Board, having heard the argument of counsel, having reviewed the evidence and being duly advised therein, now finds that on November 28, 1938, one Phillip O. Nash was in the employ of the defendant, Morgan Coal Company, at an average weekly wage of $30.00; that on November 28, 1938, the said Phillip O. Nash suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant, Morgan Coal Company, had knowledge and furnished medical attention; that a compensation agreement was approved on December 27, 1938, providing for the payment of compensation at the rate of $16.50 a week during temporary total disability, not exceeding the period fixed by law,

and that pursuant to the terms of said agreement defendant paid compensation for a period of two weeks, from December 5, 1938 to December 18, 1938, in the total sum of $33.00; that the said Phillip O. Nash died on December 29, 1938, as a direct result of the injury sustained on November 28, 1939; that on February 14, 1939, plaintiffs herein, Doris Nash and Phillip Nash, filed their application for the adjustment of a claim for compensation in which Nicie Nash was made a party defendant.

"It is further found that defendant, Morgan Coal Company, has paid the statutory burial allowance of $150.00.

"And the full Industrial Board now finds for the plaintiffs on their application, that the said Doris Nash, daughter, and Phillip Nash, son, were living with and wholly dependent upon the said Phillip O. Nash at the time of his death.

"It is further found that at the time of his death the said Phillip Nash was married to one Nicie Nash, defendant herein, who was living separate and apart from the said Phillip O. Nash at the time of his death, and that the said Nicie Nash was not a dependent of the said Phillip O. Nash within the meaning of the Workmen's Compensation Act.

## AWARD

"It is therefore considered and ordered by the full Industrial Board of Indiana that there is awarded plaintiffs, Doris Nash and Phillip Nash, compensation at the rate of $16.50 a week, share and share alike, for 298 weeks, or for such period of time as they would remain dependents under the provisions of the Indiana Workmen's Compensation Act.

"It is further ordered that said compensation payments shall be made payable to a duly qualified guardian appointed by the Circuit Court of Greene County, Indiana.

"It is further ordered that all compensation now due and unpaid be brought up to date and paid in cash and in a lump sum.

"It is further ordered that Nicie Nash, not being a dependent of the said Phillip O. Nash within the meaning of the Workmen's Compensation Act, shall take nothing.

"It is further ordered that the defendant, Morgan Coal Company, pay the costs of these proceedings."

Nicie Nash, the appellant, is the widow of the deceased employee. She was not living with her said husband at the time of his death. From the award denying her any part of the compensation awarded against the appellee Morgan Coal Company on account of the death of her said husband she has brought this appeal. The error assigned is that the award of the full Industrial Board is contrary to law. This assignment presents for review all questions which she raises. The sole question for our determination is whether or not the said award of the full Industrial Board denying her any part of said compensation should be allowed to stand. The employer, Morgan Coal Company, does not deny its liability under the award.

Taking the evidence most favorable to the award, as we are required to do, it tends strongly to show that at the time of the marriage of the appellant to the decedent Phillip O. Nash both parties had previously been married and each had children by former marriages; that decedent maintained a home in which the appellant and two of her children by a former marriage resided with him and some of his children by his former marriage; that there was much quarrelling and bickering in the family mostly over trivial matters; that they sepa-

rated in mid August 1938 and did not thereafter live together; that the home at that time was at Crystal City, Missouri; that just preceding the separation there had been a violent quarrel between the husband and wife over the question of lending an iron to the deceased's daughter who was not living in the household and also over the question as to how long one of his daughters was to be permitted to live in the home. The evidence discloses that the appellant at that time said to the decedent "You take your kids and support them and pull my trailer down to Cape Giradeau and I will support myself". The husband obeyed her request and the separation was effected. He then came to Indiana about the first of November 1938 and established a home for himself and his own children in Greene County, Indiana where he resided at the time of his death which occurred in December 1938. She never came to this state to live. At the time she went to Cape Giradeau, Missouri, to live she took her property and personal effects with her and secured employment in a hotel there. There was evidence that after the separation the husband did not support the appellant. After his death she came to Indiana where the Circuit Court wherein his estate was pending set off to her all of his property, the estate being worth less than $500.00.

The statute involved in the instant case is section 38 of the Indiana Workmen's Compensation Act, Acts 1929, page 537, §40-1403 Burns 1933, §16414 Baldwin's 1934, from which we quote as follows: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) A wife upon a husband with whom she is living at the time of his death, or upon whom the

laws of the state impose the obligation of her support at such time. . . . In all other cases, questions of total dependency shall be determined in accordance with the fact, as the fact may be at the time of the death''.

The above statute has been construed by this court in several cases. In the case of *Jelicic* v. *Vermillion Coal Company* (1924), 81 Ind. App.. 675, 678, 144 N.E. 38, this court said: ''Under the law as it has existed since 1919, three classes of widows of deceased employees are entitled to receive compensation, as dependents, where facts are found showing liability, viz: (1) Those living with their husbands at the time of their deaths; (2) Those. not living with their husbands at the time of their deaths, but dependent upon them for support; (3) Those not living with their husbands at the time of their deaths, and not dependent upon them for support, but who nevertheless were entitled to support from their husbands at the time of their deaths by virtue of the laws of the state. Acts 1919 p. 165, §8020vl Burns' Supp. 1921; *Collwell* v. *Bedford Stone, etc., Co.* (1920), 73 Ind. App. 344, 126 N. E. 439. If a widow falls within either said first or third class, she is conclusively presumed to be wholly dependent upon her deceased husband for support, but if she falls within said second class, there is no such presumption, and hence the question of dependency must be determined in accordance with the fact, as provided in said last named act''.

The above case was .cited with approval in the following recent cases. *General American Tank Car Corporation* v. *Sudomir* (1932), 95 Ind. App. 113, 182 N. E. 587; *Brittain* v. *Red Cab Co.* (1934), 99 Ind. App. 252, 190 N.E. 545.

In the case of *Colgate & Co.* v. *Smith* (1926), 84 Ind. App. 473, 151 N. E. 434, this court in speaking of the change made by the said Indiana Workmen's Compensation Act of 1919 in the matter of the dependency of a widow of a deceased employee, said (p. 477):

". . . This situation was changed by said act of 1919, and the matter was left, even where there had been an actual separation of the parties, to the Industrial Board for it to investigate and determine whether or not the circumstances of the case were such that the laws of the state imposed upon the husband the obligation to support his said wife, and if the board so found, then to make an award accordingly. In such a case, the finding of the board that the wife was living apart from her husband, without fault on her part, was a finding of fact, and this fact being found, the law imposed the burden upon the husband of supporting such wife."

In the case of *Brittain* v. *Red Cab Co.,* supra, speaking of a situation similar to the one in the instant case, this court said (p. 256):

"There was no evidence which showed or tended to show that the widow was living separate and apart from her husband without fault on her part, or justifiably. Before the widow is entitled to compensation under such circumstances she must establish the fact that the separation was not due to her fault. *General American Tank Car Corp.* v. *Sudomir* (1932), 95 Ind. App. 113, 182 N. E. 587. On account of the lack of such evidence, the award in favor of the widow should be reversed."

In the Brittain case, supra, this court reversed an award made to a widow by reason of her failure to

make the necessary proof required to be made where she is living apart from her husband.

In the instant case the board found that the appellant, the widow, "was living separate and apart from the said Philip O. Nash at the time of his death and that the said Nicie Nash was not a·dependent of the said Philip O. Nash within the meaning of the Workmen's Compensation Act." This finding while, not as explicit as it could have been, necessarily carried with it in effect a finding that she was not justifiably living apart from her husband. We think the facts disclosed by the evidence warranted the board in making the finding it made that she was not entitled to any part of the said compensation. She failed to establish by the evidence her right to any part of the compensation. In view of the rules as to a widow's dependency as pointed out heretofore, the mere fact that the Greene Circuit Court in the said probate matter found that the appellant is the widow of the deceased employee and vested his entire estate in her, the estate being less than $500.00, falls far short, in itself, of supplying the necessary evidence to establish her dependency under the Indiana Workmen's Compensation Act, under the facts hereinbefore set out. It therefore follows that the award of the full board should be affirmed.

Award affirmed.