WHITAKER ET AL. *v*. CITY OF FORT WAYNE ET AL.

[No. 16,448. Filed November 6, 1939.]

*R. C. Parrish, David Parrish,* and *Richard A. Smith,* for appellants.

*Norris & Newkirk, James Helms,* and *Barrett, Barrett & McNagny,* for appellees.

CURTIS, J.—This is an appeal from a final award of the full Industrial Board of Indiana. We quote from said finding and award as follows:

"BE IT REMEMBERED that pursuant to notice fixing the time and place therefor, this cause was called for hearing before the full Industrial Board of Indiana, at the office of said board in the Statehouse, in the city of Indianapolis, Marion County, Indiana, on March 27, 1939, at 1:30 P.M. on defendant's application to review an award entered December 31, 1938, and on plaintiff, Belle Whitaker's application to review an award entered December 31, 1938.

"BE IT FURTHER REMEMBERED that by order of the Industrial Board entered as of November 3, 1938, the above consolidated causes were consolidated.

"AND BE IT FURTHER REMEMBERED, that at the time of the hearing before the full Industrial Board on March 27, 1939, it was stipulated and agreed by all parties interested that an

amended application of dependents of the deceased employee to the Industrial Board for the adjustment of a claim for compensation should be filed on behalf of Martha E. Whitaker, in which amended application Vona Elizabeth Kersey and James Oliver Kersey, step-children of George F. Whitaker were joined as parties plaintiff. * * *

"And the full Industrial Board having heard the argument of counsel, having reviewed the evidence and being duly advised therein, now finds that on August 1, 1938, while in the employ of the defendant at an average weekly wage in excess of $30.00, one George F. Whitaker suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge, that the accidental injury resulted in the death of the said George F. Whitaker on the same day.

"And the full Industrial Board now finds by a majority of its members that at the time of his death the said George F. Whitaker was living with Belle Whitaker, his mother, who was wholly dependent upon the said George F. Whitaker for her maintenance and support.

"And the full Industrial Board by a majority of its members further finds that plaintiff herein Martha E. Whitaker, Vona Elizabeth Kersey and James Oliver Kersey were not dependents of the said George F. Whitaker within the meaning of the Indiana Workmen's Compensation Act.

"It is further found that the defendant has paid the statutory $150.00 burial allowance.

## AWARD

"It is therefore considered and ordered by the full Industrial Board by a majority of its members that there is awarded plaintiff herein Belle Whitaker as against the defendant compensation at the rate of $16.50 a week during the period of her dependency but not exceeding three hundred (300) weeks as to time, beginning August 1, 1938,

deferred payments to be brought up to date and paid in a lump sum.

"It is further ordered that plaintiffs Martha E. Whitaker, Vona Elizabeth Kersey and James Oliver Kersey shall take nothing by their complaint herein.

"It is further ordered that the defendant shall pay the reasonable and necessary medical, surgical, hospital and nurse's services for the first 90 days following the accidental injury.

"It is further ordered that the defendant shall pay the costs of this proceeding."

Martha Whitaker, the appellant, is the widow of George F. Whitaker. The other two appellants, Vonna Elizabeth Kersey and James Oliver Kersey, are children of Martha Whitaker by a former marriage. The appellants were not living with the deceased, George F. Whitaker, at the time of his death. The appellee, Belle Whitaker, mother of the deceased, George F. Whitaker, filed her application for compensation alleging that she was wholly dependent on her son for support. The widow also filed her application for compensation, which was consolidated with the application of the mother. Later the step-children were brought in by amendment. From the final award denying the appellants any part of the compensation awarded against the appellee City of Fort Wayne, they have brought this appeal.

The errors assigned for reversal are: "(1) The final award of the full Industrial Board is contrary to law. (2) The final award of the full Industrial Board is not sustained by sufficient evidence." The first assignment of error presents for review all questions raised. The sole question for our determination is whether or not the said award of the full Industrial Board denying appellants any part of said compensation should be allowed to stand. The employer, City

of Fort Wayne, does not deny its liability under the award.

Taking the evidence most favorable to the award, as we are required to do, it tends strongly to show that at the time of the marriage of the appellant, Martha Whitaker to the decedent, George F. Whitaker, she had three children by a previous marriage; that decedent maintained a home in which the appellants resided with him; that decedent and appellant were married in May of 1929 and lived together until the fall of 1935 when they separated and lived apart from each other; that the deceased died on August 1, 1938 which was two years and eight months after their separation; that during those two years and eight months of separation neither party corresponded with the other except the appellant Martha Whitaker who wrote a letter or caused a letter to be written by her lawyer requesting money with which to obtain a divorce; that decedent supported his mother, appellee herein, for more than two years before his death and that she made her home with decedent for over three months immediately prior to his death and that decedent was his mother's sole support.

The statute involved in the instant case is section 38 of the Indiana Workmen's Compensation Act, Acts 1929, page 537, §40-1403 Burns 1933, §16414 Baldwin's 1933 from which we quote as follows: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) A wife upon a husband with whom she is living at the time of his death, or upon whom the laws of the state impose the obligation of her support at such time. * * * In all other cases, questions of total dependency shall be determined in accordance with the fact, as the fact may be at the time of the

death. . . ."

The above statute has been construed by this court in several cases. In the case of *Jelicic* v. *Vermillion Coal Company* (1924), 81 Ind. App. 675, 678, ██ 144 N.E. 38 this court said: "Under the law as it has existed since 1919, three classes of widows of deceased employees ·are entitled to receive compensation, as dependents, where facts are found showing liability, viż: (1) Those living with their husbands at the time of their deaths; (2) Those not living .with their husbands at the time of their deaths, but dependent upon them for support; (3) Those not living with their husbands at the time of their deaths, and. not dependent upon them for support, but who nevertheless were entitled to support from their husbands at the time of their deaths by virtue of the laws of the statè. Acts 1919, p. 165, §8020 v1 Burns Supp. 1921; *Collwell* v. *Bedford Stone, etc., Co.* (1920), 73 Ind. App. 344, (126 N.E. 439.) If a widow falls within either said first or third class, she is conclusively presumed to be wholly dependent upon her deceased husband for support, but if she falls within said second class, there is no such presumption, and hence the question of dependency must be determined in accordance with the fact, as provided in said last named act".

The above case was cited with approval in the following recent cases. *General American Tank Car Corporation* v. *Sudomir* (1932), 95 Ind. App. 113, 182 N.E. 587; *Brittain* v. *Red Cab Co.* (1934), 99 Ind. App. 252, 190 N.E. 545.

In the instant case "the full Industrial Board by a majority of its members further finds that plaintiff herein Martha E. Whitaker, Vonna Elizabeth █ Kersey and James Oliver Kersey were not dependents of the said George F. Whitaker with-

in the meaning of the Indiana Workmen's Compensation Act." This finding while, not as explicit as it could have been, necessarily carried with it in effect a finding that the appellants were not justifiably living apart from the deceased. The appellants, stepchildren, cite the recent case of *Wheatley Wilson et al. v. LaPorte Gas and Electric Company et al.*, No. 16400, which was handed down by this court on October 16, 1939, ante 21, 22 N.E. (2d) 882. They have not, however, brought themselves within the provisions of the Workmen's Compensation Act as set forth in the above case.

We think the facts disclosed by the evidence warranted the board in making the finding it made that the appellants are not entitled to any part of the compensation. They have failed to establish by the evidence any right to any part of the compensation. See: Nicie Nash v. Nash et al. handed down October 16, 1939, ante 56, 22 N.E. (2d) 896. The appellants having failed to establish dependency under the Indiana Workmen's Compensation Act it therefore follows that the award of the full board should be affirmed.

Award affirmed.