## HERTHOGE *v.* BARNES.

[No. 14,535.   Filed March 30, 1932.]

*Clifford V. DuComb* and *Glenn M. Thompson,* for appellant.

*Eli F. Seebirt, Lenn J. Oare, Orlo R. Deahl* and *George W. Omacht,* for appellee.

CURTIS, J.—This is an appeal from an order of the full Industrial Board denying an award of compensation to the appellant.   On June 30, 1931, the appellant filed his application for an award of compensation, and in the hearing before a single member of the board, an award was made in his favor for $10.56 per week for the period of total disability, not exceeding the period fixed by law, together with medical expenses for 30 days following the date of the injury and with credit for com-

pensation paid and fixing the attorneys fees. The appellee filed a petition for a review by the full board, which made a finding, and entered an order denying compensation to the appellant. The finding and order of the full board, omitting formal parts are as follows: "That on April 14th, 1931, the plaintiff was in the regular employment of the defendant at an average weekly wage of $19.20, and on said date the plaintiff received a personal injury as the result of an accident arising out of and in the course of said employment; of which injury the defendant had knowledge.

"That as a result of said accidental injury, the plaintiff became totally disabled from work, which total disability continued.

"That the particular employment in which plaintiff was engaged at the time of his injury was the repair of a dwelling house belonging to the defendant and outside the usual course of the business of the employer, and the plaintiff was, at the time of receiving his alleged injury, a casual laborer within the meaning of the Indiana Workmen's Compensation Act; and the finding herein should be for the defendant.

"ORDER

"It is, therefore, considered and ordered by a majority of the members of the full Industrial Board of Indiana that the plaintiff take nothing by his application filed herein on June 10th, 1931.

"It is further ordered that the plaintiff pay the costs of this proceeding."

From this order denying compensation, the appellant appealed to this court. The error relied upon for reversal is that the award of the full board is contrary to law.

The evidence of the appellant, in substance, was; That he was working for the appellee, painting a house, on the date of the injury, and had been so working for

two days; that he had worked for appellee 10 or 15 years and had painted buildings for him on three occasions; that he had called the appellee the day previous inquiring for work, and appellee told him he had a little job of painting and fixing front porch of a house; that appellee told the appellant on the day of the injury that he would not get compensation because his insurance had expired; that appellee paid him $15 since the injury. On cross-examination, he testified that the appellee was a road contractor and that he had worked for appellee in this line, building sidewalks and curbs and also had done the painting jobs mentioned in his direct examination which took only a few days; that appellee was not in the painting business; that, on the painting job where he was injured, he was to receive 40 cents per hour and was to work eight hours a day, and that he had worked 13 hours when he was injured, and that the appellee had agreed to pay one-half of the doctor bill. Upon further direct examination, he testified that he had been called upon by the appellee at other times to do work upon houses or lawns belonging to the appellee when he was regularly employed by the appellee on paving work; that he was never steadily employed by the appellee; that appellee dealt in real estate and had built houses for sale and had frequently taken men from paving jobs to work on such houses, but that such houses were built eight years ago. The evidence given by the appellee in a large measure corroborated the evidence of the appellant, but, in some material aspects, it was in conflict with it. In substance, it was that the business of the appellee was that of a contractor engaged in building city improvements and in private contracting, and that he had employed the appellant intermittently by the hour for a number of years; that, during the year 1930, he gave the appellant about 6 weeks' work and that he had not given him any work since

1930 because he had no paving work to do; that he told appellant just before the injury that he would give him work for a day and one-half painting a house which the appellee owned; that he never was in the painting business; that nine years before he had been in a partnership, building houses, and that this house and 15 others became his property upon the dissolution of the partnership about six years ago; that it was rented property; that he carried no insurance but had paid the hospital bill, wages and $15 besides, and agreed to pay half of the doctor's bill; that he never in his life built a house nor had he ever sold a house for anyone, and that he undertook this painting work to save money because times were slack; that appellant was upon a ladder painting and attempted to step from the ladder upon the back porch and slipped and fell, causing the injury. On cross-examination, he stated that he looked after the management of his houses, part of which he had sold and that he was trying to sell the others. This was all of the evidence given that bears upon, or is material to, a determination of the questions presented in this appeal.

The contention of the appellant is that the injury arose out of and in the course of the employment, and that the employment was not casual within the meaning of the Indiana Workmen's Compensation Act. The appellee, on the other hand, contends that the employment was casual within the meaning of the act, and not in the usual course of the trade, business, occupation or profession of the appellee, and is, therefore, not compensable, and that the board's finding as to that question is a finding of fact and binding upon this court.

Section 9 of the act (Acts 1929 p. 536), provides that: "This act, except section 66, shall not apply to casual laborers, as defined in Clause (b) of section 73, nor to farm or agricultural employees, nor to domestic serv-

ants, nor to the employers of such persons, unless such employers shall give notice in the manner provided in section three of their election to be so bound." Clause (b) of §73 above referred to provides in part as follows: " 'Employee' shall include every person, including a minor lawfully in the service of another under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer."

From an examination of the evidence, it becomes apparent that it is in conflict upon the controlling questions as to whether or not the employment of the appellant by the appellee was casual within the meaning of the act, and whether or not it was in the usual course of the trade, business, occupation or profession of the appellee. Before an employment may be said to be not compensable, it must be both casual and not in the usual course of the trade, business, occupation or profession of the employer. See §9 and clause (b) of §73, Indiana Workmen's Compensation Act 1929 (Acts 1929 p. 536).

It seems to us that, in the instant case, the finding and award are amply sustained by the evidence and the law, and, therefore, the award will not be disturbed. See *Zeidler* v. *Prueher* (1926), 85 Ind. App. 627, 154 N. E. 35; *Bailey* v. *Humrickhouse* (1925), 83 Ind. App. 497, 148 N. E. 428; *Hufford* v. *Livingston* (1922), 79 Ind. App. 519, 137 N. E. 279; *Ridley* v. *State Storage, Inc.* (1932), 93 Ind. App. 641, 179 N. E. 177. We find no reversible error.

Award affirmed.