BARKER, RECEIVER *v.* EDDY ET AL.

[No. 14,923.   Filed June 1, 1933.]

*R. S. Emerick,* for appellant.

*Ralph W. Probst* and *Arthur W. Parry,* for appellees.

CURTIS, J.—This was an action brought by the appellees as a dependent widow and minor child respectively of one Albert Eddy, deceased, against the appellant, to recover compensation under the Indiana Workmen's Compensation Act of 1929, because of personal injuries received by the deceased on or about May 5th, 1932, resulting in his death the next day, due to an accident alleged to have arisen out of and in the course of the employment of the deceased by the appellant. In the hearing before the single member of the board an award of compensation was made. The appellant filed an application for a review by the full board. In this latter hearing compensation was likewise awarded to the appellees. The appellant excepted to the award and then prayed an appeal to this court which was granted. Three alleged errors are assigned, only one of which need be considered, to wit: "That the award of the full board is contrary to law." Under this assignment all alleged errors complained of may be presented.

The parts of the finding and award of the full board that are material to the determination of this appeal are as follows: "The Full Industrial Board of Indiana having heard the argument of counsel and having reviewed the evidence, and being thereby duly advised in the premises, a majority of the members of said board find that one Albert Eddy was employed by the defendant, Claude V. Barker, receiver of Beyer Brothers, on the 5th day of May, 1932, at an average weekly wage of $12.00; that on said date the said decedent received a personal injury by reason of an accident arising out of and in the course of his employment, of which the defendant had knowledge. That as a result of said accident said employee died on the following day, May 6th, 1932.

The board further finds that said decedent, Albert Eddy, left surviving him as his sole and only depend-

ents his wife, Bessie D. Eddy, and Robert Bruce Eddy, a minor son, who is 15 years old on the 30th day of March, 1932.

## "Award.

"It is, therefore, considered and ordered by a majority of the members of the Full Industrial Board of Indiana that the plaintiffs, Bessie D. Eddy and Robert Bruce Eddy, be, and are hereby awarded as against the defendant compensation in equal shares at the rate of $8.80 per week, beginning on the 6th day of May, 1932, and to continue for a period of three hundred (300) weeks."

The appellant says that two questions for decision are presented by the record as follows: "(1) Was the deceased, Eddy, a casual employee, and was his employment in the 'usual course of the trade, business, occupation or profession' of the appellant? (2) Was the deceased, Eddy, an independent contractor?"

The full board decided these questions adversely to the appellant after a consideration of the evidence, the controlling parts of which may be summarized as follows: Beyer Brothers was a partnership, formed for the purpose of conducting a wholesale grocery business. It owned a warehouse, and stocks of merchandise therein, in the city of Kendallville, Indiana. On May 25, 1931, the partnership was declared insolvent and the appellant was appointed receiver to wind up its business, reduce its assets to cash and distribute the proceeds among its creditors. He took charge of the firm, real estate and merchandise, hired seven employees to help him, and during the summer of 1931 was engaged in carrying on the grocery trade, at wholesale and retail, in the firm's warehouse and real estate, and at the same time continuing his efforts to collect the accounts receivable of the firm and to effect a sale of the real estate and warehouse building and the stocks of merchandise as a whole. On the 14th day of October, 1931, appellant sold

and disposed of the entire stock of merchandise and equipment to a firm by the name of Jackson and McKenzie. At the same time, and in connection with such sale, the purchasers rented from the receiver the warehouse building for $25.00 a month, which they' continued to occupy until they had completed selling out the merchandise as purchased from the receiver. They completed their sale and surrendered the property back to the receiver on the 23rd or 25th of April, 1932. After the sale of the merchandise, the receiver continued the collection of the accounts through December and continued to hold, rent and receive the monthly rentals from the warehouse building, until the temporary arrangement with Jackson & McKenzie ended, about April 25, 1932.

From the time of the receiver's appointment, on May 25, 1931, until the sale of the merchandise and equipment on October 14, 1931, the appellee's decedent, Albert Eddy, was in the employment of the receiver filling orders of customers and also orders that were to be put on the truck, assisted in loading up the truck, and had charge of the receiver's team and dray which he used to bring goods from the depot. From the sale on October 14, 1931, of the merchandise and equipment, until April 25, 1932, the receiver had no employees, except a bookkeeper, but as soon as possession of the warehouse building was surrendered back to him, the receiver again employed the appellee's decedent, Albert Eddy, to board up the windows of the warehouse building and to clean the refuse and debris out of the warehouse building and burn it up. Mr. Eddy started his work of boarding up the windows and of cleaning out the warehouse on April 27, 1932, and, with the exception of the intervening Sunday, worked steadily, for a period of 8 days, to the 5th day of May, 1932. On May 5, 1932,

Eddy suffered an accident which resulted in his death the next day.

The employment of Eddy to board the windows and clean out the warehouse came about as a result of two conversations between the receiver and Eddy, the first about boarding up the windows and the second about cleaning out the building. The conversations were very brief, and consisted of a statement by the receiver that he wanted that work done, an inquiry as to whether Eddy could do it, and the request that he take the job, followed by Eddy's consent. Nothing was said about wages, except that the receiver said to Eddy, "You go ahead and clean it out and when you get the job done, send me your bill." Nothing was said as to the compensation to be paid, as to the hours during which the work was to be done, as to when Eddy was to work or as to either party having control of the work or the movements of Mr. Eddy. Nothing was said in the conversation as to the manner in which the work was to be done, when it was to be done, how it was to be done, neither was anything said in the conversation prohibiting the right of the receiver to discharge Eddy before the work had been done, or prohibiting Eddy from quitting his work before it was completed.

Before an employment may be said to be not compensable on account of it being casual, two things must concur. The employment must be casual and not in the usual course of the trade, business, occupation, or profession of the employer. See: *Herthoge* v. *Barnes* (1932), 94 Ind. App. 225; 180 N. E. 489; *Olsen* v. *Canter* (1931), 93 Ind. App. 150, 176 N. E. 27; *Caca* v. *Woodruff* (1919), 70 Ind. App. 93, 123 N. E. 120; *Wagner* v. *Wooley* (1926), 85 Ind. App. 259, 152 N. E. 856; *Domer* v. *Castator* (1925), 82 Ind. App. 574, 146 N. E. 881; sec. 9 and clause (b) of sec. 73 Indiana Workmen's Compensation Act 1929 (Acts 1929, p. 536) ;

Clause (a) of said §73, *supra,* defines an employer as follows: " 'Employer' shall include the state and any political division, any municipal corporation within the state, any individual, firm, association or corporation or the receiver or trustee of the same, or the legal representatives of a deceased person, using the services of another for pay. If the employer is insured it shall include his insurer so far as applicable."

The above definition of employer includes a receiver who uses the services of another for pay in the business of the receivership as was done in the instant case. It is our opinion that there was ample evidence to sustain the finding of the board that the employment of the deceased was covered by the compensation law and that it was not merely casual. Said finding on that issue is not contrary to law.

If, however, the decedent was an independent contractor as contended for by the appellant and not an employee, then the award can not be sustained for that reason. This court has recently discussed the question as to the distinction between an employee and an independent contractor and we do not feel called upon to restate the law. See: *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293.

The Industrial Board in the instant case has found as an ultimate fact that the decedent was an employee of the appellant and if there be any competent evidence to sustain the finding it is conclusively binding upon this court and this is true even if we might prefer another conclusion which would be equally legitimate. See *Lazarus* v. *Scherer, supra; National Biscuit Company* v. *Roth* (1925), 83 Ind. App. 21, 146 N. E. 410; *Carr* v. *Krekeler et al.* (1932), 94 Ind. App. 508, 181 N. E. 526.

We believe the evidence fully sustains the finding of facts of the board and that said facts sustain the award.

100

The award of the full board is not contrary to law and it is affirmed with the usual 5 per cent penalty as provided by law.

Award affirmed.