ALLISON v. WILHITE.

[No. 15,865.  Filed March 23, 1937.]

*Charles H. Foley* and *Gilbert W. Butler,* for appellant.
*John Sedwick,* for appellee.

WOOD, C. J.—The appellant filed a claim for adjustment of compensation against the appellee with the Industrial Board. Upon a hearing before a single member of the board, compensation was denied. This award was reviewed before the full board, resulting in a denial of compensation. From the award of the full board, appellant prosecutes this appeal, assigning as error for reversal, that the award of the full Industrial Board is contrary to law.

In his claim for compensation, the appellant alleged that the accident resulting in his injury occurred while he was cutting timber for the appellee. To this application, the appellee filed two paragraphs of special answer. The first alleged, "1. That (at) the time of receiving the injuries complained of as alleged in said complaint that the said plaintiff was engaged in agricultural employment by the said defendant." The second alleged, "2. That the defendant says at the time the plaintiff received the injuries alleged in said complaint that he was engaged by said defendant as a casual laborer."

On these issues the full board made a finding and award as follows: "... and the full Industrial Board, having heard the argument of counsel, having reviewed the evidence and being duly advised therein, now finds that on September 10, 1935, Charles Allison, plaintiff herein, was employed by Charles (Sherman) Wilhite, defendant, at an average weekly wage of $8.80 and less than

$16.00; that on said date the said Charles Allison received personal injuries by reason of an accident; that said plaintiff has been totally disabled since the date thereof and is so disabled at the time of this hearing.

"And the full Industrial Board further finds that plaintiff's employment at the time of the accidental injury was casual in its nature and as such does not come within the provisions of the Indiana Workmen's Compensation Act.

## ORDER

"It is therefore considered and ordered by the Industrial Board of Indiana that the plaintiff Charles Allison take nothing by his complaint herein, and that he pay the cost of this proceeding."

Since the only question urged by appellant for our consideration is, that the facts found by the Industrial Board are not sufficient to sustain the award, it is unnecessary for us to examine the evidence for the purpose of determining whether it is sufficient to sustain the finding of facts.

The burden rested upon the appellee to prove the allegations of his special paragraphs of answer, and inasmuch as the Industrial Board made no finding on the issues tendered by such paragraphs of answer, that is equivalent to a finding against the appellee on those issues. *Domer* v. *Castator* (1924), 82 Ind. App. 574, 146 N. E. 881; *Czuczko* v. *Golden-Gary Co.* (1931), 94 Ind. App. 47, 177 N. E. 466.

It is agreed that appellant was an employee of appellee, at the time he sustained the injuries for which he seeks compensation. Clause (b) of Sec. 73 of the Indiana Workman's Compensation Act of 1929, Acts 1929, p. 537, as amended Acts 1933, p. 1103, Sec. 40-1701 Burns 1933, §16449 Baldwin's 1934, for the purpose of that act defines an "employee"

in the following language: " 'Employee' as used in this Act shall be construed to include every person, . . . in the service of another under any contract of hire . . . written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer."

In the case of *Barker, Rec.* v. *Eddy* (1933), 97 Ind. App. 94, 185 N. E. 878, in discussing the right of a casual laborer to compensation under our Workman's Compensation Act, this court said (p. 98) : "Before an employment may be said to be not compensable on account of it being casual, two things must concur. The employment must be casual and not in the usual course of the trade, business, occupation or profession of the employer." Citing many Indiana authorities in support of the statement.

While the full Industrial Board found as a fact that at the time when the accidental injury suffered by the appellant occurred his employment was casual, it failed to find the other concomitant fact necessary to sustain the award, to wit: that appellant's employment was "not in the usual course of the trade, business, occupation or profession of the employer (appellee).''

Section 9 of said act, Section 40-1209 Burns 1933, §16385 Baldwin's 1934, provides that, "This act, except section 66, shall not apply to casual laborers, as defined in clause (b), section 73, nor to farm or agricultural employees, nor to domestic servants, nor to employers of such persons, unless such employers shall give notice in the manner provided in section three of their election to be so bound." The provisions of sections 66 and 3, above referred to are not involved in any way in the instant case, and do not require further consideration.

While the appellee alleged in his first paragraph of special answer, that the appellant was engaged in agricultural employment at the time when he received the injuries for which he seeks compensation, a majority of

the full Industrial Board failed to find this as a fact. It therefore follows as a necessary conclusion, that the finding of facts on which the award is based are not sufficient to sustain the same.

The award of the full Industrial Board is reversed with instructions to vacate and set aside the award appealed from, and to grant appellant at his option a new hearing on his application, and further proceedings thereon to be consistent with this opinion.