FRAZIER *v.* WHITED ET AL.

[No. 16,227. Filed October 22, 1938. Rehearing denied December 21, 1938.]

*Hartman & Elliott,* for appellant.

*Frank C. Turrell, Sheldon A. Key, William E. Steckler, James L. Murray, Schuyler C. Monroe, Ralph Gregg, Edward J. Fillenworth,* and *Leo L. Kriner,* for appellees.

CURTIS, P. J.—On the 31st day of August, 1937, the appellee, Orville Whited, by one Charles Whited, filed with the Industrial Board of Indiana an application for the adjustment of a claim for compensation, alleging that on the 24th day of June, 1937, he received injuries by reason of an accident which, he claimed, arose out of and in the course of his employment with the appellee, William Ernstein, Jr., and the appellant, Lee Frazier.

On the 20th day of November, 1937, a partial hearing was had on said application for compensation, and was

continued to make Walter C. Holmes, doing business as Associated Service Company of Indianapolis, a party defendant.

Thereafter, an amended application for the adjustment of his claim for compensation was filed by the said applicant, alleging that he received personal injuries on the 24th day of June, 1937, by reason of an accident which he claimed arose out of and in the course of his employment with the appellees, William Ernstein, Jr., and Walter C. Holmes, and the appellant, Lee Frazier.

On February 8, 1938, an award was made by the single member of the board against the appellant, Lee Frazier, and in favor of the appellee, Orville Whited.

On the 11th day of February, 1938, the appellant, Lee Frazier, filed an application for review of said award by the full Industrial Board.

We set out the pertinent part of the finding and award of the full board as follows:

· "And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence and being duly advised therein, now finds that on June 24, 1937, while in the employ of Lee Frazier, defendant herein, at an average weekly wage of $15.00, plaintiff suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant Frazier had knowledge but did not furnish medical attention. That as a result of said accidental injury plaintiff was totally disabled from June 24, 1937, up to and including December 21, 1937.

"It is further found that at the time of and during the period of his employment, plaintiff was under eighteen years of age; that defendant Lee Frazier had knowledge that plaintiff was under eighteen years of age; that plaintiff did not furnish defendant Frazier, nor did defendant Frazier exact from plaintiff a certificate issued by proper school authorities showing that plaintiff was

permitted to engage in gainful employment; that plaintiff, in his employment with Frazier, was employed in violation of the Child Labor Laws of the State of Indiana.

"It is further found that plaintiff was not in the employ of William Ernstein, Jr., nor was he in the employ of defendant, Walter C. Holmes, doing business as Associated Service Company of Indianapolis, and that this complaint as against defendants Ernstein and Holmes should be dismissed.

"It is further found that in the treatment of the injuries sustained by plaintiff, hospital, surgical and nurses' services were required in excess of 90 days.

## AWARD

"It is therefore considered and ordered by the Full Industrial Board of Indiana that there is awarded plaintiff as against defendant Lee Frazier compensation at the rate of $17.60 a week for a period of 24 weeks, beginning with July 2, 1937, such compensation to be paid in cash and in a lump sum.

"It is further ordered that defendant Frazier shall pay the reasonable and necessary medical, surgical, hospital and nurses' services for the first 90 days following the date of the accidental injury.

"It is further ordered that this complaint as against William Ernstein, Jr., and Walter C. Holmes, doing business as Associated Service Company of Indianapolis, should be and the same is hereby dismissed."

It is from the above finding and award that this appeal was prosecuted. Among the errors assigned is the following: "That the final award of the full Industrial Board of Indiana as entered in this case on the 1st day of April, 1938, is contrary to law." The above assignment is sufficient to present all questions sought to have reviewed herein.

The appellant's main contentions may be summarized as follows: First, that if the appellee, Orville Whited, was employed at all that his employment was only casual insofar as the appellant is concerned; Secondly, in effect that there was no competent evidence to show that said appellee was employed at all by the appellant; Third, that there is no evidence as to the average weekly wage of the said employee; Fourth, that the evidence shows that the said employee was a mere volunteer worker; Fifth, that the evidence shows that the employee was working for the appellee Holmes; and last, that the record shows that both the original and the amended applications were signed by one Charles Whited and not by the claimant, Orville Whited. Upon the last contention, we call attention to the fact that the finding of the full board shows that the employee was a minor under eighteen years of age. The evidence shows that Charles Whited, who signed said application, was the father of the said boy. The objection now sought to be raised in this court that said applications were not signed by the said minor were not raised before the Industrial Board. If the applications might be said to be irregular on the ground mentioned (a matter we need not decide), yet it is certain that the liberal policy of the law in the practice and procedure before the Industrial Board would not sanction the said contention of the appellant. Indeed, it is generally held in ordinary civil cases that even though a pleading is defective because not signed by a party or his attorney as required by statute or rule of court, yet before an appellate court will consider such defect, it must appear that a specific objection on such ground was duly made and ruled on in the court below. See C. J. S. Sec. 277, p. 546.

The other contentions above mentioned each depend upon the evidence. We have read it carefully and we cannot say that it does not sustain the finding of the

board. In the case of *Barker, Receiver* v. *Eddy* (1933), 97 Ind. App. 94, 185 N. E. 878, this court stated the law as to casual employment and as to who is an employer and cited the authorities. We need not herein attempt to amplify those statements of the law.

The award is affirmed with the usual statutory penalty of five per cent.