BENNETT *v.* BALDWIN.

[No. 16,594.   Filed May 27, 1940.]

*Faust, Faust & Faust,* of Indianapolis, for appellant.
*Neal & Williams,* of Indianapolis, for appellee.

CURTIS, J.—The appellee filed a claim with the Industrial Board against the appellant for compensation under the Workmen's Compensation Act for injuries alleged to have been sustained on December 10, 1938, when he was assisting in moving a coal conveyor. The claim was answered by general denial and also an answer setting up that the claimant was a casual laborer within the meaning of said act.

The hearing member heard the evidence and made an award of compensation in favor of the claimant. Upon review the full board by a majority of its members reached the same result and made a finding and award from which we quote the salient parts as follows:

> "And a majority of the members of the full Industrial Board, having heard the argument of counsel, having reviewed the record and being fully advised in the premises, now finds that on December 10, 1938, while in the employ of the defendant, plaintiff suffered injuries as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge and furnished medical attention; that the period of the employment of plaintiff by defendant was such that the wages under the terms of employment

could not be determined, and that plaintiff's work was unskilled and common labor. It is further found that the wage of one engaged in a similar occupation in the vicinity wherein plaintiff was employed at the time of said accidental injuries would be $15.00 per week. It is further found that the plaintiff has been totally disabled from the date of said accidental injury and is so disabled at the time of this hearing. It is further found that the defendant has paid the plaintiff $222.00, for which defendant should be given credit under this award.

"It is therefore considered, ordered and adjudged by a majority of the members of the full Industrial Board of Indiana that there is awarded plaintiff as against the defendant compensation at the rate of $8.80 per week, beginning December 18, 1938, and continuing during the period of his total disability, not exceeding the period fixed by law, the defendant to be given credit for $222.00 which has been paid plaintiff."

It is from the above award that this appeal has been prosecuted. One of the errors assigned is that the award of the full Industrial Board is contrary to law. This assignment presents all alleged errors sought to be reviewed.

There is little or no real conflict in the evidence. It shows that the appellant, at the time of the accident and for several years prior thereto, was engaged in the retail coal business; that the appellee at the time of the accident was employed by the appellant to turn a coal conveyor around so that coal the appellant was soon to receive to be sold in his business could be unloaded; that the appellee "was to be paid with coal"; that while thus engaged the accident occurred shortly after the work was commenced and that there was no agreement as to how long the said work was to continue.

Under the evidence we think that the Industrial Board was warranted in concluding, as it did conclude,

that the relation of employer and employee existed and that the work was being done in the usual course of the appellant's trade, business, occupation or profession. It was therefore not casual within the meaning of the Indiana Workmen's Compensation Act. See: Section 9 and Clause (b) of § 73 Indiana Workmen's Compensation Act 1929, (Acts 1929, p. 536, § 40-1701, Burns' 1933.) See also *Herthoge* v. *Barnes* (1932), 94 Ind. App. 225, 180 N. E. 489, wherein it was said that "Before an employment may be said to be not compensable, it must be both casual and not in the usual course of the trade, business, occupation or profession of the employer."

The fact that the appellee was to be paid in coal is not sufficient ground for the appellant's contention that he was not an employee. See: *Smith* v. *Jones* (1925), 102 Conn. 471, 129 A. 50; *Hartford A. & I. Co.* v. *Industrial Acc. Comm.* (1934), 139 Cal. App. 632, 34 P. (2d) 826; *Gabel* v. *Industrial Accident Comm.* (1927), 83 Cal. App. 122, 256 P. 564.

The cases cited by the appellant involving the law applicable to unemployment relief cases has no application to the facts of the instant case.

Finding no reversible error, the award is affirmed with the usual 5% statutory penalty.

NOTE.—Reported in 27 N. E. (2d) 396.