STONER v. HOWARD SOBER, INC.

[No. 18,504. Filed April 1, 1954. Rehearing denied May 14, 1954. Transfer denied June 17, 1954.]

582

*Harry M. Stitle, Jr.,* of Indianapolis, for appellant.

*Leigh L. Hunt* and *James P. Murphy,* both of Fort Wayne, for appellee.

ACHOR, J.—This is an appeal from the Industrial Board of Indiana. It involves a claim filed by appellant as the common-law wife of David F. Stoner, deceased. Liability was denied. The full Industrial Board found as follows:

> "That on the 9th day of February, 1951, David F. Stoner was in the employ of Howard Sober, Inc., at an average weekly wage in excess of $42.00 and that on said date David F. Stoner died while driving one of the defendant's trucks in the State

of Pennsylvania; that the said David F. Stoner left surviving him one Goldie M. Stoner, age 48, his common-law wife since March 19, 1946; . . . that the plaintiff, Goldie M. Stoner, was not a common-law wife of David F. Stoner, deceased, for a period of five years immediately preceding decedent's death, to-wit: February 9, 1951; that the plaintiff is not a dependent within the meaning of the Workmen's Compensation Law of the State of Indiana."

Award was entered accordingly.

The error assigned is that the award of the Industrial Board is contrary to law. Under this assignment of error, appellant urges first, that the facts specifically found by the board are insufficient to sustain the award, and, secondly, that the portion of §40-1403a (a), Burns' 1952 Replacement, which relates to a common-law wife, and upon the basis of which the board denied recovery, is unconstitutional and void, under Article 1, §23, of the Constitution of Indiana. The pertinent parts of the Workmen's Compensation Act, related to the issues in the case, are as follows:

§40-1403. "Dependents under this act (§§40-1201—40-1414, 40-1503—40-1704) shall consist of three (3) classes, viz. (1) presumptive dependents, (2) total dependents in fact, and (3) partial dependents in fact. . . ."

§40-1403a. "The following persons are conclusively presumed to be wholly dependent for support upon a deceased employee and shall constitute the class known as presumptive dependents in the preceding section:

(a) A wife upon a husband with whom she is living at the time of his death, or upon whom the laws of the state impose the obligation of her support at such time. *The term 'wife' as used in this subsection shall exclude a common-law wife unless such common-law relationship shall have existed openly and notoriously for a period of not*

*less than five (5) years immediately preceding
the death."* (Our italics.)

§40-1403b. "Total or partial dependents in fact
shall include only those persons related to the de-
ceased employee by blood or by marriage, . . .
Any such person who is actually totally or partially
dependent upon the deceased employee is entitled
to compensation as such dependent in fact. . . ."

That portion of the above act which appellant con-
tends is unconstitutional is italicized by us for identi-
fication.

Article 1, §23, of the Constitution of Indiana, is as
follows:

"The General Assembly shall not grant to any
citizen, or class of citizens, privileges or immuni-
ties which, upon the same terms, shall not equally
belong to all citizens."

The appeal was originally filed in the Supreme Court
under the mistaken belief that, because of the consti-
tutional question involved, that court had exclusive
jurisdiction. The case was thereafter transferred to
this court as the "first court of review." Precedent
therefor is established in the case of *State ex rel.
Standard Oil Co.* v. *Review Bd.* (1951), 230 Ind. 1, 101
N. E. 2d 60.

It is a rule of long standing in this state that, when
a cause, in which the constitutionality of a
statute is questioned, can be determined on
other grounds, the validity or invalidity of the
statute will not be determined. The rule has been stated
as follows:

"It is settled law in this court that the constitu-
tionality of a statute will not be determined by this
court when the cause in which its determination is
sought may be decided and finally disposed of with-
out such decision."

*Martin* v. *State* (1896), 143 Ind. 545, 549, 42 N. E. 911.

We therefore consider first whether or not the facts specifically found by the board are sufficient to sustain the award under circumstances which do not involve the constitutionality of the statute involved. Obviously, the findings of fact are seriously defective. The board did not find (1) that decedent received an injury by accident, or (2) that the accident (if any) arose out of, and in the course of, his employment. Furthermore, the finding "that plaintiff is not a dependent within the meaning of the Workmen's Compensation Law of the State of Indiana," is clearly a conclusion of law and not a finding of fact, as such a determination requires an application of abstract principles of law to the facts as they are found to exist. *Jelicic* v. *Vermillion Coal Co.* (1924), 81 Ind. App. 675, 679, 144 N. E. 38; *Kosciusko County, etc.* v. *Public Service Comm.* (1948), 225 Ind. 666, 674, 77 N. E. 2d 572.

The legal effect of the above defects in the findings pose a difficult question, regarding which our courts have not followed a very clear path. In considering the defects in the findings of fact, we are confronted at the outset by the fact that appellant has wholly failed to include a condensed recital of the evidence in her brief in conformity with Rule 2-17 (d). Therefore, any issues which are dependent upon the evidence and the rulings of the board with reference thereto are waived. Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, §2677, *Comment 8,* page 307.

Under the above circumstances, this court will look only to the findings of fact and determine whether they are sufficient to sustain the award. *Gilkison* v. *Darlington* (1952), 123 Ind. App. 28, 106 N. E. 2d 473.

Therefore, the next question we are required to determine is the effect of the failure of the board to find facts upon the essential issues above referred to. Appellee asserts that inasmuch as appellant had the burden of proof, failure to make such findings was equivalent to a finding thereon against appellant. This is the rule generally applied to appeals of civil cases, and we find many cases involving appeals from the Industrial Board prior to 1944, which support the rule relied upon by appellee. *Allison* v. *Wilhite* (1937), 103 Ind. App. 270, 272, 7 N. E. 2d 58; *Pettit* v. *Continental Baking Co.* (1932), 94 Ind. App. 250, 180 N. E. 607; *American Chain Co.* v. *Salters* (1923), 80 Ind. App. 410, 140 N. E. 435. However, in the reported cases since 1944, our Supreme Court has asserted the position that it is the statutory duty of a quasi judicial fact-finding board or commission to specifically find the facts upon each element essential to support the award, that such failure raises no presumption as to facts not found, and is cause for remanding the case for determination on each of the elements necessary to support the award. Small's Workmen's Compensation Law of Indiana, 12.7, p. 396, *Cole* v. *Sheehan Construction Company* (1944), 222 Ind. 274, 279, 280, 281, 53 N. E. 2d 172; *Kosciusko County, etc.* v. *Public Service Comm.*, *supra*.

In the case of *Cole* v. *Sheehan Construction Company*, *supra*, the Industrial Board denied recovery to the wife of a deceased employee upon findings of fact "that the appellant was not living with the decedent at the time of his death and that she was not dependent upon him for support." However, it did not find whether the appellant and decedent were husband and wife, nor did it find facts disclosing whether he was under any legal obligation to support her. This court, on the basis of earlier decisions, ordered an

award for appellant on the "undisputed evidence." However, the Supreme Court, on transfer of the case, stated:

> "The appellee says that the failure of the full board to find that the appellant was married to the decedent and that he was under a legal obligation to support her, must be treated as findings against the appellant on those issues since the burden of establishing them was upon her. This does not necessarily follow. *The statute imposes on the full board the obligation to make and file a finding of facts upon which an award is based. . . .*
>
> • • •
>
> "The Appellate Court found that the undisputed evidence produced by the appellant established that she and the decedent were husband and wife and they were living apart at the time of his death for their own convenience. The court concluded that, as a consequence, the appellant was entitled to compensation. . . . *Since the full board made no finding as to some of the material issues the problem presented is not that of determining whether there is some evidence tending to support an award.* We think, therefore, that it was an invasion of the province of the full board for the Appellate Court to undertake to find the ultimate facts in the first instance. The statute does not contemplate that the functions of the Industrial Board may be assumed by the courts. The better practice would appear to be to remand the proceedings to the board with directions for it to *discharge its statutory duty by finding the essential facts,* and by entering an award based thereon. . . ." (Our italics.)

In the more recent case of *Kosciusko County, etc.* v. *Public Service Comm., supra,* the Supreme Court had before it an appeal from the Public Service Commission, in which action similar issues were involved, except that the order of the commission was affirmative. In that case, the Supreme Court ordered the cause remanded to the commission because

of the insufficiency of the finding of facts. The court, through Starr, J., stated:

> "No mention of comparative rates was made in the petition. There was no finding of facts in this case as to rates. Without such a finding to support the order in question we could not uphold this order on account of such evidence, even though we might be of the opinion that this evidence was sufficient. 'This court cannot take the place of a jury.' *Securities Exchange Com.* v. *Chenery Corp.,* 318 U. S. 80, 63 S. Ct. 454, 87 L. Ed. 626. Section 54-112, Burns' 1933 (Supp.), in defining the duties of the Commission states: 'The commission created by this act shall in all controversial proceedings heard by it be an impartial fact-finding body and shall make its orders in such cases *upon the facts impartially found by it.'* (Our italics.) *These facts should be found specially and not generally. The findings must be specific enough to enable the court to review intelligently the Commission's decisions. Atchison, T. & S. F. Ry. Co.* v. *Commerce Commission* (1929), 335 Ill. 624, 167 N. E. 831." (Our italics.)

Appellee contends further that the finding by the board "that plaintiff is not a dependent within the meaning of the Workmen's Compensation Law," although not as explicit as it could have been, was sufficient and carried with it all ultimate facts necessary to support the conclusion. The case of *Nash* v. *Nash, et al.* (1939), 107 Ind. App. 56, 22 N. E. 2d 896, is cited as authority for this position.

Also, appellee contends that the above "finding" conclusively excluded the possibility of any circumstance under which an award might be authorized. Therefore, appellee asserts that this finding is controlling and conclusive, in favor of appellee as against error, if any, in other findings of fact to support the award. However, upon this issue also, we are constrained to take a contrary position. We have here-

tofore cited the more recent case of *Kosciusko County, etc.* v. *Public Service Comm., supra,* in which the court held that a similar conclusion was not sufficient as a finding of fact. In that case, the court also stated:

> "That portion of the finding which recites that 'public convenience and necessity require the construction, etc.' is not a finding of fact upon which the order granting a certificate of convenience and necessity could be based. *It is simply a conclusion* from all the evidence *without any special finding of fact upon which the conclusion can be reached. Chicago Rys. Co.* v. *Commerce Commission* (1929), 336 Ill. 51, 167 N. E. 840. . . ." (Our italics.)

The rule is well settled in court actions that conclusions of law contained in findings of fact are to be relegated as mere surplusage. Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, §1733, Ch. 25, p. 356. We know of no reason why this general rule should not apply to "appeals" from all quasi judicial boards or commissions expressly charged by statute with the duty of *finding the facts.* Consequently, the conclusion stated by the board "that plaintiff is not a dependent within the meaning of the Workmen's Compensation Law of the State of Indiana" must be relegated as surplusage and, in so far as the ruling in this case is in conflict with the case of *Nash* v. *Nash, et al., supra,* that case is hereby overruled.

Appellee asserts that subsection (a) of §40-1403a, *supra,* conclusively excludes the possibility of the recovery of compensation by a common-law wife, under any provision of the act, unless ". . . such . . . relationship shall have existed . . . for a period of not less than five (5) years immediately preceding the death." We do not so construe the statute. The above limitation imposed upon a common-

law wife is, by subsection (a) of §40-1403a, expressly made to apply to §40-1403a, which section of the act merely classifies ". . . persons . . . conclusively presumed to be wholly dependent . . ." It does not apply to §40-1403b, which provides that certain persons, who are not conclusively presumed to be dependent, may be found to be "dependent in fact." Precedent for this construction of the act was established by this court in the case of *Willan* v. *Spring Hill Coal Corp.* (1948), 118 Ind. App. 422, 423, 424, 78 N. E. 2d 880. In that case this court stated that although appellant may not have been entitled to compensation as a person conclusively presumed to be wholly dependent upon decedent under §40-1403a (a), she may have been entitled to compensation as a person related to the deceased employee by marriage, actually totally dependent upon the deceased employee, and entitled to compensation as such dependent in fact, as provided in §40-1403b, *supra.*

In the case before us, we are confronted by the fact that the board made a negative award without making a negative finding of fact that appellant was not a dependent in fact and qualified for recovery under §40-1403b. Neither is there a negative finding of fact upon any other essential element sufficient to exclude every possibility of recovery.

It is expressly required by statute (§40-1511) that a finding of fact be filed with the award of the Industrial Board and a copy thereof sent to each of the parties. The obvious purpose of the act requiring a finding of fact is to inform both the parties and the court of review as to the factual basis on which the award was made. Therefore, it reasonably follows that such findings of fact should be made specifically and not generally, so as to enable this court to intelligently determine, without resorting to the evidence, whether

or not there was proper factual foundation upon which to legally base an award.

In cases of *affirmative* awards for compensation, our courts have held that this finding of fact must embrace all the elements within claimant's burden of proof. *Burton-Shields Co.* v. *Steele* (1949), 119 Ind. App. 216, 83 N. E. 2d 623; *Willan* v. *Spring Hill Coal Corp.*, *supra;* *Cole* v. *Sheehan Construction Company, supra.* It would seem to reasonably follow that "If the award is *negative,* the board *must either find against the claimant on one of the essential elements of recovery* or find affirmatively for the defendant on an affirmative defense which has been made." (Our italics.) Small's Workmen's Compensation Law, §127, p. 393. The award before us was negative, but the negative findings of fact by the board does not exclude every possibility of recovery.

Because of the above defects appearing in the record, we are not able to determine whether the case can be decided upon other grounds or must be decided upon the constitutional issue submitted. Therefore, the cause is remanded to the Industrial Board for further proceedings consistent herewith.

NOTE.—Reported in 118 N. E. 2d 504.