STONER *v.* HOWARD SOBER, INC.

[No. 18,842. Filed April 10, 1957.]

*Harry M. Stitle, Jr.*, of Indianapolis, for appellant.

*Hunt & Suedhoff*, of Ft. Wayne, for appellee.

PFAFF, J.—This is the second time this case has come before us for review. *Stoner* v. *Howard Sober, Inc.* (1954), 124 Ind. App. 581, 118 N. E. 2d 504. (Transfer denied.)

As shown by the former opinion, the Full Industrial Board found as follows:

> "That on the 9th day of February, 1951 David F. Stoner was in the employ of Howard Sober, Inc., at an average weekly wage in excess of $42.00 and that on said date David F. Stoner died while driving one of the defendant's trucks in the State of Pennsylvania; that the said David F. Stoner left surviving him one Goldie M. Stoner, age 48, his common-law wife since March 19, 1946; . . . that the plaintiff, Goldie M. Stoner, was not a common-law wife of David F. Stoner, deceased, for a period of five years immediately preceding decedent's death, to-wit: February 9, 1951; that the plaintiff is not a dependent within the meaning of the Workmen's Compensation Law of the State of Indiana."

This court held that the above findings were defective in that the Board did not find whether decedent received any injury by accident, whether the accident (if any) arose out of and in the course of his employment, and did not find facts from which it could be determined whether or not appellant was a dependent in fact qualified for recovery under Burns' §40-1403b, 1952 Replacement:

> "Total or partial dependents in fact shall include only those persons related to the deceased employee by blood or by marriage, . . . Any such person who is actually totally or partially dependent upon the deceased employee is entitled to compensa-

tion as such dependent in fact. The right to compensation of any person totally or partially dependent in fact shall be terminated by the marriage of such dependent subsequent to the death of the employee and such dependency shall not be reinstated by divorce."

It was held that the statement contained in the findings "that the plaintiff is not dependent within the meaning of the Workmen's Compensation Law of the State of Indiana" is a conclusion of law and not a finding of fact, and must be relegated to surplusage.

It was further held that the provision of Burns' §40-1403a, 1952 Replacement, that,

"The following persons are conclusively presumed to be wholly dependent for support upon a deceased employee and shall constitute the class known as presumptive dependents in the preceding section:
"(a)  A wife upon a husband with whom she is living at the time of his death, or upon whom the laws of the state impose the obligation of her support at such time. The term 'wife' as used in this subsection shall exclude a common-law wife unless such common-law relationship shall have existed openly and notoriously for a period of not less than five (5) years immediately preceding the death."

does not apply to Burns' §40-1403b, *supra,* which provides that certain persons who are not conclusively presumed to be the dependent, may be found to be dependent in fact; that although appellant may not have been entitled to compensation as a person conclusively presumed to be wholly dependent upon decedent under Burns' §40-1403a, *supra,* she may have been entitled to compensation as a person related to the deceased employee by marriage, actually totally dependent upon the deceased employee, and entitled to compensation as such dependent in fact as provided in Burns' §40-1403b, *supra.*

Such decision became the law of this case. Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, §2791, p. 375:

> "A decision of either the Supreme or the Appellate Court becomes the law of that case. Such law must be followed in all subsequent proceedings in that case, both in the trial court and in subsequent appeals. The questions decided in the first appeal will not be reconsidered if the case is again appealed, even though the appellate tribunal should believe that its first decision was erroneous provided that the facts and the issues are substantially the same as those presented in the first appeal."

This cause was remanded to the Industrial Board for further proceedings consistent with that opinion.

Further evidence was heard and thereafter the Full Industrial Board made findings as follows:

> "That on the 9th day of February, 1951 David F. Stoner was in the employ of Howard Sober, Inc., at an average weekly wage in excess of $42.00; that on said date David F. Stoner died as a proximate result of personal injuries received by him by reason of an accident arising out of and in the course of his employment with the defendant; *that the said David F. Stoner left surviving him one Goldie M. Stoner, age 48, his common-law wife since March 19, 1946; . . . that the plaintiff was not a common-law wife of David F. Stoner, deceased, for a period of five (5) years immediately preceding decedent's death, to-wit: February 9, 1951; that the plaintiff is not a dependent within the meaning of the Workmen's Compensation Law of the State of Indiana.*"

The italicized words are identical with those of the first finding of the Full Board and contain the same conclusion of law (which we held was surplusage and must therefore be disregarded), "that the plaintiff is not a dependent within the meaning of the Workmen's Compensation Law of the State of Indiana."

At the first hearing before a hearing member of ■ the Board on December 3, 1952, the parties stipulated that,

"It is further stipulated and agreed that on March 19, 1946, the plaintiff, Goldie M. Stoner, and the said decedent, David F. Stoner, contracted a common-law marriage relationship in the State of Ohio, which common-law relationship continued down to the date of the death of the decedent."

A court decree of a sister state made after decedent's death, declaring appellant's status as the wife of decedent at the time of his death was also introduced in evidence at this hearing, apparently without objection, which decree reads as follows:

"The plaintiff, Goldie M. Stoner, was married to David F. Stoner and that the said Goldie M. Stoner was the wife of David F. Stoner on February 9, 1951, and is now his widow and surviving spouse."

After the first opinion of this court in this case, and after further evidence was heard before a hearing member, appellee, during the second hearing before the Full Board on February 1, 1956, moved to withdraw the stipulation and objected to the introduction of the court decree. The motion to withdraw the stipulation was on the ground that recent court decisions had reformed counsel's notions as to what constitutes a common-law marriage and changed the law on that point. Citing *Anderson* v. *Anderson* (1956), 235 Ind. 113, 131 N. E. 2d 301; *United States Steel Corporation* v. *Weatherton* (1956), 126 Ind. App. 189, 131 N. E. 2d 335.

Appellee has filed a brief on cross-errors in which it is argued, without citations of any authorities, that it was error to overrule the motion to withdraw the stipulation. Inasmuch as no authorities are cited in support of this contention, error, if any, is waived. *Stanley* v.

*Gieseking* (1952), 230 Ind. 690, 105 N. E. 2d 171; Rules of the Supreme Court of Indiana, 2-17 (e), (f), 2-18.

Inasmuch as no error is shown in this, error, if any, in admitting the court decree, which covered a fact which the parties had stipulated, is harmless.

In the prior review of this case the appellant challenged the constitutionality of a portion of Burns' §40-1403a, *supra,* a question which this court declined to consider, because upon a proper finding by the Board as to whether or not appellant was a dependent in fact, such cause might be determined on other grounds. The same contention is made in the present review, and we again decline to consider it for the same reasons. *Stoner* v. *Howard Sober, Inc., supra.*

The Industrial Board apparently did not understand the import of the mandate of the prior opinion in this case, inasmuch as it failed to make a finding of facts from which it can be determined whether or not appellant was a dependent in fact qualified for recovery under Burns' §40-1403b, *supra.* Therefore, we again reverse the award and remand the case to the Industrial Board with directions for it to discharge its statutory duty by finding the essential facts and enter an award accordingly. The Board may in its discretion hear additional evidence on this question.

NOTE.—Reported in 141 N. E. 2d 458.