HOHN *v.* INDIANA NATIONAL BANK OF INDIANAPOLIS, EXECUTOR, ETC.

[No. 19,095. Filed October 30, 1959.]

*John W. Becker,* of Indianapolis, for appellant.

*Henry S. Hohlt* and *Stump & Emswiller,* both of Indianapolis, for appellee.

GONAS, C. J.—Exceptions were filed to the final report of the appellee executor.

Following trial, the court, having been requested to do so, made special findings of fact, stated conclusions of law thereon, and entered judgment favorable to appellee. Accordingly, appellant filed motion for new trial which was overruled and this appeal followed.

In the recent case of *Board of Med. Regist. and Exam., etc.* v. *Bowman* (1958), 238 Ind. 532, 150 N. E. 2d 883, the Supreme Court stated:

"In order to present error on appeal it must be specified in the assignment of errors, and such specification or specifications, or the substance thereof, must appear in the 'Concise Statement of the Record' under Rule 2-17 (d). Without such compliance the Judges cannot give intelligent consideration to the issues in the appeal without resorting to the record, which the rules seek to avoid. When there has been such an omission, the judgment will be affirmed. . . ."

Neither the assignment of errors nor the substance thereof appears in appellant's brief.

From the argument portion of appellant's brief it is indicated that there were at least fifteen assignment of errors.

Appellant states generally that assignment of errors numbered 11 to 15 inclusive, are to the effect that appellant was denied a special finding of fact by the failure of the court to comprehend the issues and find the facts thereon, but we are not advised as to just what these assignments are.

Also, appellant argues that other assignments are said to be that the court erred in overruling appellant's motion for a new trial and error in nine conclusions of law.

Rule 2-17 (e) provides that *inter alia* if substantially the same question is raised by two or more assignment of errors or causes for a new trial, they may be grouped and supported by one argument.

Appellant has grouped and supported by a single argument causes of a motion for new trial and assignment of errors which seek to raise entirely different questions.

Appellant did not cite authority in its brief, as provided by Rule 2-17 (e) nor any statute relied upon.

Appellant has disregarded the requirement that authorities must be cited in support of the contentions of error. Such contentions not so supported are therefore deemed waived. *Stanley* v. *Gieseking* (1952), 230 Ind. 690, 105 N. E. 2d 171; *Greenwood* v. *City of Washington* (1952), 230 Ind. 375, 102 N. E. 2d 642; *Stoner* v. *Howard Sober, Inc.* (1957), 127 Ind. App. 338, 141 N. E. 2d 458.

Appellant's brief presents no question. Judgment appealed from the trial court is affirmed. Kelley, Bierly and Smith, JJ., concur.

NOTE.—Reported in 161 N. E. 2d 775.